In a proceeding pursuant to General Municipal Law § 50-e (5) for leave to serve a late notice of claim, the appeal is from so much of an order of the Supreme Court, Suffolk County (Martin, J.), dated March 7, 2013, as granted that branch of the petition which was for leave to serve a late notice of claim upon the Kings Park Fire District.
Ordered that the appeal by the County of Suffolk is dismissed, as that party is not aggrieved by the portion of the order appealed from (see CPLR 5511); and it is further,
Ordered that the order is reversed insofar as appealed from by the Kings Park Fire District, on the facts and in the exercise of discretion, and that branch of the petition which was for leave to serve a late notice of claim upon the Kings Park Fire District is denied; and it is further,
*1053 Ordered that one bill of costs is awarded to the Kings Park Fire District, payable by the petitioner.
Initially, we note that this appeal is limited as a result of the petitioner’s concession, in her brief, that an action was commenced in the Supreme Court, Suffolk County on or about August 28, 2013, only as against the Kings Park Fire District (hereinafter the Fire District), and that she is not pursuing any further legal action arising out of the subject motor vehicle accident as against the County of Suffolk or the Town of Smith-town.
The Supreme Court improvidently exercised its discretion in granting that branch of the petition which was for leave to serve a late notice of claim upon the Fire District. In determining whether to grant an application for leave to serve a late notice of claim, the court must consider all relevant circumstances, including whether (1) the public corporation acquired actual knowledge of the essential facts constituting the claim within 90 days after the claim arose or a reasonable time thereafter, (2) the claimant demonstrated a reasonable excuse for the failure to serve a timely notice of claim, and (3) the delay would substantially prejudice the public corporation in its defense on the merits (see General Municipal Law § 50-e [5]; Matter of Mitchell v City of New York, 112 AD3d 940, 940 [2013]; Matter of Destine v City of New York, 111 AD3d 629, 629 [2013]). “While the presence or the absence of any one of the factors is not necessarily determinative, whether the municipality had actual knowledge of the essential facts constituting the claim is of great importance” (Matter of Placido v County of Orange, 112 AD3d 722, 723 [2013] [citations omitted]; see Matter of Gonzalez v City of New York, 60 AD3d 1058, 1059 [2009]).
Here, the petitioner failed to demonstrate a reasonable excuse for her failure to serve a timely notice of claim upon the Fire District. The petitioner’s ignorance of the law did not constitute a reasonable excuse (see Matter of Bell v City of New York, 100 AD3d 990, 990 [2012]; Matter of Taylor v County of Suffolk, 90 AD3d 769, 770 [2011]). Moreover, the petitioner failed to submit any medical evidence to support her assertion that she was incapacitated to such an extent that she could not have complied with the statutory requirement to serve a timely notice of claim (see Matter of Bell v City of New York, 100 AD3d at 991; Matter of Wright v City of New York, 66 AD3d 1037, 1038 [2009]; Matter of Papayannakos v Levittown Mem. Special Educ. Ctr., 38 AD3d 902, 902 [2007]).
Furthermore, the petitioner failed to demonstrate that the Fire District obtained timely, actual knowledge of the essential *1054 facts constituting the claim. Although the petitioner asserted that the Fire District’s representatives responded to the scene of the accident, there was no evidence that they were aware of the facts constituting the petitioner’s potential claims of medical malpractice and negligence against the Fire District (see Grasso v Nassau County, 109 AD3d 579, 579 [2013]; Matter of Anderson v Town of Oyster Bay, 101 AD3d 708, 709 [2012]). Additionally, the petitioner failed to establish that any medical record sufficed to convey to the Fire District actual knowledge of the essential facts constituting the claims against it (see Williams v Nassau County Med. Ctr., 6 NY3d 531, 537 [2006]; Grasso v Nassau County, 109 AD3d at 579; Matter of Hernandez v County of Suffolk, 90 AD3d 1049, 1050 [2011]; Arias v New York City Health & Hosps. Corp. [Kings County Hosp. Ctr.], 50 AD3d 830, 832 [2008]).
Finally, the petitioner failed to establish that the delay in serving her notice of claim would not substantially prejudice the Fire District in maintaining its defense on the merits (see Matter of Lorseille v New York City Hous. Auth., 295 AD2d 612 [2002]). Dickerson, J.E, Hall, Roman and Cohen, JJ., concur.