Matter of Beaton v City of New York (2020 NY Slip Op 05203)





Matter of Beaton v City of New York


2020 NY Slip Op 05203


Decided on September 30, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 30, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
JOHN M. LEVENTHAL
ROBERT J. MILLER
FRANCESCA E. CONNOLLY, JJ.


2019-00896
 (Index No. 85183/18)

[*1]In the Matter of Kyle Beaton, appellant,
v
City of New York, et al., respondents.


Nora Constance Marino, Great Neck, NY, for appellant.
James E. Johnson, Corporation Counsel, New York, NY (Deborah A. Brenner and Kate Fletcher of counsel), for respondents.



DECISION & ORDER
In a proceeding pursuant to General Municipal Law § 50-e(5) for leave to serve a late notice of claim or to deem a late notice of claim timely served nunc pro tunc, the petitioner appeals from an order of the Supreme Court, Richmond County (Wayne M. Ozzi, J.), dated January 3, 2019. The order denied the petition.
ORDERED that the order is affirmed, with costs.
The petitioner commenced this proceeding seeking, inter alia, leave to serve a late notice of claim upon, among others, the respondent City of New York asserting causes of action alleging, among other things, false arrest, false imprisonment, malicious prosecution, and excessive force. The petitioner's proposed notice of claim alleges that on March 19, 2018, he was arrested for charges stemming from an alleged altercation with a Lyft driver that occurred on March 12, 2018. The petitioner claims that a timely notice of claim filed by Emmanual Jallah (hereinafter the Jallah notice of claim), who was arrested on April 27, 2018, for charges relating to the same alleged altercation with the Lyft driver, gave the respondents actual knowledge of the essential facts constituting the petitioner's claims within the 90-day period after his claims accrued. The Supreme Court denied the petition, holding, inter alia, that the Jallah notice of claim failed to give the respondents notice of the essential facts constituting the petitioner's claims because it failed to set forth any "offensive actions on the part of any City employee which could give rise to any of petitioner's claims of false arrest, excessive force, etc." The petitioner appeals.
The determination of an application for leave to serve a late notice of claim or deem a late notice of claim timely served nunc pro tunc is left to the sound discretion of the trial court (see Matter of Newcomb v Middle Country Cent. Sch. Dist., 28 NY3d 455, 465; Matter of Wooden v City of New York, 136 AD3d 932). The factors to be considered by a court in determining whether to grant a petition for leave to serve a late notice of claim include whether: (1) the municipality acquired actual knowledge of the essential facts constituting the petitioner's claim within 90 days after the claim arose or a reasonable time thereafter; (2) the petitioner demonstrated a reasonable excuse for the failure to serve a timely notice of claim; and (3) the delay would not substantially prejudice the municipality in its defense on the merits (see General Municipal Law § 50-e[5]; Matter of Mitchell v City of New York, 112 AD3d 940, 940).
Here, the Jallah notice of claim did not give the respondents actual knowledge of the essential facts constituting the petitioner's claims because it did not state that the petitioner was arrested, or that he had any contact with the police (see Matter of Islam v City of New York, 164 AD3d 672, 674; Matter of Fethallah v New York City Police Dept., 150 AD3d 998, 1000; Matter of Wooden v City of New York, 136 AD3d at 933; Matter of Rivera v City of New York, 88 AD3d 1004, 1005).
Furthermore, the petitioner did not provide a reasonable excuse for failing to timely serve a notice of claim. The petitioner's ignorance of, and confusion regarding, the notice of claim requirement does not constitute a reasonable excuse (see Matter of Barrett v Village of Wappingers Falls, 130 AD3d 817, 818; Matter of Taylor v County of Suffolk, 90 AD3d 769, 770). Finally, the petitioner failed to show that the delay in serving a notice of claim would not substantially prejudice the respondents (see Matter of Newcomb v Middle Country Cent. Sch. Dist., 28 NY3d at 466; Matter of Torres v County of Westchester, 176 AD3d 720, 721; Matter of Ramos v Board of Educ. of the City of N.Y., 148 AD3d 909, 912; Matter of Mohamed v New York City, 139 AD3d 858, 859).
Accordingly, we agree with the Supreme Court's determination denying the petition.
BALKIN, J.P., LEVENTHAL, MILLER and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court