Matter of Wieman-Gibson v County of Suffolk (2022 NY Slip Op 03522)





Matter of Wieman-Gibson v County of Suffolk


2022 NY Slip Op 03522


Decided on June 1, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 1, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
REINALDO E. RIVERA
ROBERT J. MILLER
DEBORAH A. DOWLING, JJ.


2019-09156
 (Index No. 616015/18)

[*1]In the Matter of Karen A. Wieman-Gibson, appellant,
v
County of Suffolk, respondent.


Celino & Barnes, P.C., Garden City, NY (John Lavelle of counsel), for appellant.



DECISION & ORDER
In a proceeding pursuant to General Municipal Law § 50-e(5) for leave to serve a late notice of claim or to deem a late notice of claim timely served nunc pro tunc, the petitioner appeals from an order of the Supreme Court, Suffolk County (Robert F. Quinlan, J.), dated June 6, 2019. The order denied the petition and, in effect, dismissed the proceeding.
ORDERED that the order is affirmed, without costs or disbursements.
On August 16, 2017, the petitioner allegedly was injured when she tripped and fell on an uneven or broken sidewalk located adjacent to the Suffolk County Police Department Headquarters, which is owned by the respondent, County of Suffolk. In August 2018, the petitioner commenced this proceeding pursuant to General Municipal Law § 50-e(5) for leave to serve a late notice of claim or to deem a late notice of claim timely served upon the County nunc pro tunc. In an order dated June 6, 2019, the Supreme Court denied the petition and, in effect, dismissed the proceeding. The petitioner appeals.
"Pursuant to General Municipal Law § 50-e(5), a court has the discretion to permit the service of a late notice of claim" (Matter of Camet v County of Suffolk, 100 AD3d 882, 882). "'In determining whether to grant a petition for leave to serve a late notice of claim or to deem a late notice of claim timely served nunc pro tunc, [the] court must consider all relevant circumstances, including whether the public corporation acquired actual knowledge of the essential facts constituting the claim within 90 days after the claim arose or a reasonable time thereafter, whether the delay would substantially prejudice the public corporation in its defense, and whether the claimant demonstrated a reasonable excuse for the failure to serve a timely notice of claim'" (Matter of Duke v Westchester Med. Ctr., 196 AD3d 482, 483, quoting Matter of Weaver v City of New York, 138 AD3d 873, 874; see General Municipal Law § 50-e[5]). "'While the presence or the absence of any one of the factors is not necessarily determinative, whether the municipality had actual knowledge of the essential facts constituting the claim is of great importance'" (Matter of Snyder v County of Suffolk, 116 AD3d 1052, 1053, quoting Matter of Placido v County of Orange, 112 AD3d 722, 723).
Here, the petitioner failed to demonstrate that the County obtained timely, actual knowledge of the essential facts constituting the claim (see Matter of Government Empls. Ins. Co. v Suffolk County Police Dept., 152 AD3d 517, 518; Matter of D'Agostino v City of New York, 146 AD3d 880, 880-881). Contrary to the petitioner's contention, the fact that members of the Suffolk [*2]County Police Department may have had knowledge of her accident, without more, cannot be considered actual knowledge of the claim against the County (see Matter of D'Agostino v City of New York, 146 AD3d at 881; Matter of Mitchell v Town of Greenburgh, 96 AD3d 852, 853). In addition, the petitioner failed to annex to her petition an "Aided Report" allegedly executed by the police at the time of the accident, and therefore the contents of that report, and whether it describes the accident while "making a connection between the petitioner's injuries and negligent conduct on the part of the [County]," cannot be determined (Matter of D'Agostino v City of New York, 146 AD3d at 881 [internal quotation marks omitted]; see Matter of Johnson v County of Suffolk, 167 AD3d 742; cf. Matter of Government Empls. Ins. Co. v Suffolk County Police Dept., 152 AD3d 517; Matter of Jaffier v City of New York, 148 AD3d 1021). The petitioner also failed to provide a reasonable excuse for her failure to serve a timely notice of claim (see Matter of Nunez v Village of Rockville Ctr., 176 AD3d 1211, 1214; Matter of Snyder v County of Suffolk, 116 AD3d at 1053; Matter of Destine v City of New York, 111 AD3d 629, 629), or sustain her initial burden of presenting some evidence or plausible argument to support a finding that the County would not be substantially prejudiced by the filing of a late notice of claim (see Matter of Newcomb v Middle Country Cent. Sch. Dist., 28 NY3d 455, 466; Rodriguez v Westchester Med. Ctr. [WMC], 196 AD3d 659, 660; Matter of Duke v Westchester Med. Ctr., 196 AD3d 482).
Accordingly, the Supreme Court providently exercised its discretion in denying the petition and, in effect, dismissing the proceeding.
BARROS, J.P., RIVERA, MILLER and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court