Matter of Ortiz v Westchester County (2022 NY Slip Op 04807)

Matter of Ortiz v Westchester County

2022 NY Slip Op 04807

Decided on August 3, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 3, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
SHERI S. ROMAN
JOSEPH J. MALTESE
LARA J. GENOVESI, JJ.

2021-02820
 (Index No. 66476/20)

[*1]In the Matter of Emery Ortiz, petitioner-respondent,
v
Westchester County, respondent, Department of Housing and Buildings, et al., appellants.

Matthew I. Gallagher, Corporation Counsel, Yonkers, NY (David P. Redmond of counsel), for appellants.
Dell & Dean, PLLC (Joseph G. Dell and Mischel & Horn, P.C., New York, NY [Scott T. Horn and Andrew J. Fisher], of counsel), for petitioner-respondent.

DECISION & ORDER
In a proceeding pursuant to General Municipal Law § 50-e(5), inter alia, to deem a late notice of claim timely served nunc pro tunc, the Department of Housing and Buildings and the City of Yonkers appeal from an order of the Supreme Court, Westchester County (Linda S. Jamieson, J.), dated March 10, 2021. The order granted the petition.
ORDERED that the order is reversed, on the facts and in the exercise of discretion, with costs, and the petition is denied.
In a notice of claim dated March 4, 2020, the petitioner alleged that on December 2, 2019, while walking on an entrance ramp of a building owned by the defendant City of Yonkers and occupied by the defendant Department of Housing and Buildings (hereinafter together the appellants), she slipped and fell as a result of an icy/snowy dangerous condition. The notice of claim included photographs allegedly depicting the location of the accident. By letter dated March 17, 2020, the appellants rejected the notice claim as untimely for not having been served within 90 days after the accident. Approximately nine months later, on December 22, 2020, the petitioner commenced this proceeding to deem the notice of claim timely served nunc pro tunc, or, in the alternative, to permit the serving and filing of a late notice of claim. By order dated March 10, 2021, the Supreme Court granted the petition and deemed the late notice of claim timely served nunc pro tunc. This appeal ensued.
General Municipal Law § 50-e(5) provides that "[u]pon application, the court, in its discretion, may extend the time to serve a notice of claim," and that "[i]n determining whether to grant the extension, the court shall consider, in particular, whether the public corporation . . . acquired actual knowledge of the essential facts constituting the claim within [90 days after the claim arises] or within a reasonable time thereafter." "The court shall also consider all other relevant facts and circumstances," including "whether the delay in serving the notice of claim substantially prejudiced the public corporation in maintaining its defense on the merits" (id.), and whether the claimant demonstrated a reasonable excuse for the failure to serve a timely notice of claim (see Pannell v New York City Health & Hosps. Corp., 192 AD3d 1130; Matter of Brown v New York City [*2]Health & Hosps. Corp., 190 AD3d 969, 970; Matter of Reddick v New York City Hous. Auth., 188 AD3d 890).
"While the presence or the absence of any one of the factors is not necessarily determinative, whether the municipality had actual knowledge of the essential facts constituting the claim is of great importance" (Matter of Cruz v Transdev Servs., Inc., 160 AD3d 729, 730 [internal quotation marks omitted]; see Etienne v City of New York, 189 AD3d 1400, 1401). "The determination of an application for leave to serve a late notice of claim or deem a late notice of claim timely served nunc pro tunc is left to the sound discretion of the trial court" (Matter of Beaton v City of New York, 186 AD3d 1677, 1678; see Matter of Newcomb v Middle Country Cent. Sch. Dist., 28 NY3d 455, 465).
Here, even if this Court were to excuse the petitioner's initial two- or three-day delay in serving a notice of claim after the expiration of the 90-day period, the petitioner failed to demonstrate a reasonable excuse for the additional nine-month delay between the time the appellants rejected the notice of claim as untimely and the commencement of this proceeding (see Matter of Naar v City of New York, 161 AD3d 1081, 1083; Kelly v City of New York, 153 AD3d 1388, 1389; Matter of Sanchez v City of New York, 116 AD3d 703, 703-704).
Furthermore, the appellants did not acquire actual knowledge of the essential facts constituting the claim within 90 days after the claim arose or a reasonable time thereafter (see General Municipal Law § 50-e[1], [5]). Contrary to the petitioner's assertions, a Yonkers Police Department incident report prepared on the day of the accident by a responding officer did not provide the appellants with actual knowledge of the essential facts constituting the claim. For reports to provide actual knowledge of the essential facts, "one must be able to readily infer from that report that a potentially actionable wrong had been committed" (Matter of Fethallah v New York City Police Dept., 150 AD3d 998, 1000, quoting Matter of Taylor v County of Suffolk, 90 AD3d 769, 770). A police accident report prepared by a responding officer, establishing knowledge of the accident, generally does not, without more, provide actual knowledge to the municipal defendants of the essential facts underlying the claim against them (see Durand v MV Transp., Inc., 186 AD3d 564, 565-566; Matter of Cruz v Transdev Servs., Inc., 160 AD3d at 731). Here, the Yonkers Police Department report indicated that the petitioner stated that she had slipped and fallen while exiting a ramp on the appellants' property and turning the corner, but there is no identification of the cause of the fall from which negligence on the part of the appellants could be inferred.
The petitioner asserts that there is no prejudice to the appellants' ability to conduct an investigation inasmuch as the transitory nature of the icy condition would be difficult to investigate whether 90 days later or months later (see Matter of Shumway v Town of Hempstead, 187 AD3d 758, 759). In response, the appellants rely upon an attorney affirmation stating that their ability to conduct an investigation was substantially prejudiced by the delay because one of the responding officers retired and might not be available to testify, and the others could not be expected to recall the accident, given the passage of time. This affirmation, based solely on speculation and conjecture, is insufficient for the appellants to rebut the petitioner's showing of lack of prejudice with particularized evidence in the record (see Matter of Newcomb v Middle Country Cent. Sch. Dist., 28 NY3d 455).
Nevertheless, weighing the appropriate factors, the Supreme Court should have denied the petition in light of the lack of reasonable excuse, the time elapsed, and the lack of actual knowledge of the essential facts giving rise to the claim (see Matter of Shumway v Town of Hempstead, 187 AD3d at 759-760; Matter of Charles v County of Orange, N.Y., 164 AD3d 1232, 1234).
DILLON, J.P., ROMAN, MALTESE and GENOVESI, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court