Matter of Lang v County of Nassau (2022 NY Slip Op 06245)

Matter of Lang v County of Nassau

2022 NY Slip Op 06245

Decided on November 9, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 9, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
LINDA CHRISTOPHER
DEBORAH A. DOWLING
BARRY E. WARHIT, JJ.

2020-07368
 (Index No. 602380/20)

[*1]In the Matter of Mindy Lang, etc., respondent,
v
County of Nassau, appellant.

Thomas A. Adams, County Attorney, Mineola, NY (Robert Van der Waag and Samantha Goetz of counsel), for appellant.
Parker Waichman, LLP, Port Washington, NY (Jay L. T. Breakstone of counsel), for respondent.

DECISION & ORDER
In a proceeding pursuant to General Municipal Law § 50-e(5) for leave to serve a late notice of claim or to deem a late notice of claim timely served nunc pro tunc, the County of Nassau appeals from an order of the Supreme Court, Nassau County (James P. McCormack, J.), entered August 12, 2020. The order granted the petition.
ORDERED that the order is reversed, on the law and in the exercise of discretion, with costs, the petition is denied, and the proceeding is dismissed.
On September 2, 2019, the petitioner allegedly was injured when she tripped and fell on a cracked and uneven roadway condition. On February 21, 2020, the petitioner commenced this proceeding pursuant to General Municipal Law § 50-e(5) for leave to serve a late notice of claim or to deem a late notice of claim timely served upon the County of Nassau nunc pro tunc. In an order entered August 12, 2020, the Supreme Court granted the petition. The County appeals.
"General Municipal Law § 50-e(5) permits a court, in its discretion, to extend the time for a petitioner to serve a notice of claim" (Matter of Newcomb v Middle Country Cent. Sch. Dist., 28 NY3d 455, 460-461). In determining whether to grant leave to serve a late notice of claim, the court must consider all relevant circumstances, including whether (1) the claimant demonstrated a reasonable excuse for the failure to timely serve the notice, (2) the municipal entity acquired actual knowledge of the essential facts constituting the claim within 90 days after the claim arose or a reasonable time thereafter, and (3) the delay in seeking leave would substantially prejudice the municipal entity in its ability to defend against the action (see General Municipal Law § 50-e[5]; Matter of Newcomb v Middle Country Cent. Sch. Dist., 28 NY3d at 463-464; Matter of Perez v City of New York, 175 AD3d 1534, 1535; Matter of Bermudez v City of New York, 167 AD3d 733, 734).
"[A] court's decision to grant or deny a motion to serve a late notice of claim is 'purely a discretionary one'" (Matter of Newcomb v Middle County Cent. Sch. Dist., 28 NY3d at 465, quoting Cohen v Pearl Riv. Union Free School Dist., 51 NY2d 256, 265). Although the "lower courts have broad discretion to evaluate the factors," a "lower court's determinations must be supported by record evidence" (Matter of Newcomb v Middle Country Cent. Sch. Dist., 28 NY3d at [*2]465).
Contrary to the Supreme Court's determination, the evidence submitted in support of the petition failed to establish that the County acquired actual knowledge of the essential facts constituting the claim within 90 days after the claim arose or a reasonable time thereafter. "In order to have actual knowledge of the essential facts constituting the claim, the public corporation must have knowledge of the facts that underlie the legal theory or theories on which liability is predicated in the notice of claim; the public corporation need not have specific notice of the theory or theories themselves" (Matter of Felice v Easport/South Manor Cent. School Dist., 50 AD3d 138, 148). Contrary to the petitioner's contention, the fact that members of the Nassau County Police Department and a County ambulance responded to the scene and tended to her injuries, without more, cannot be considered actual knowledge of the essential facts constituting the claim against the County (see Matter of Wieman-Gibson v County of Suffolk, 206 AD3d 666; Etienne v City of New York, 189 AD3d 1400, 1401-1402; Matter of Brown v City of New York, 174 AD3d 800, 801-802). The petitioner failed to present any evidence to demonstrate that the County had knowledge of the circumstances of the accident from which it could "readily infer" that a "potentially actionable wrong had been committed" by it (Matter of Fethallah v New York City Police Dept., 150 AD3d 998, 1000 [internal quotation marks omitted]; see Matter of Johnson v County of Suffolk, 167 AD3d 742, 745). Moreover, the late notice of claim, served upon the County without leave of court 50 days after the 90-day statutory period had expired, was served too late to provide the County with actual knowledge of the essential facts constituting the claim within a reasonable time after the 90-day statutory period expired (see Matter of Galicia v City of New York, 175 AD3d 681, 683; Matter of Naar v City of New York, 161 AD3d 1081, 1083; Matter of Ronness v City of New York, 151 AD3d 976, 977; Matter of Bhargava v City of New York, 130 AD3d 819, 820-821).
The petitioner also failed to demonstrate a reasonable excuse for the failure to serve a timely notice of claim. The petitioner's conclusory assertion that her injuries prevented her from making timely service, without any supporting medical documentation or evidence, was insufficient to constitute a reasonable excuse (see Etienne v City of New York, 189 AD3d at 1402; Matter of Bermudez v City of New York, 167 AD3d at 734; Matter of Cuccia v Metropolitan Transp. Auth., 150 AD3d 849, 850; Matter of Thill v North Shore Cent. Sch. Dist., 128 AD3d 976, 978).
Finally, the petitioner failed to come forward with "some evidence or plausible argument" that the County will not be substantially prejudiced in maintaining a defense on the merits as a result of the delay in commencing this proceeding and the lack of timely, actual knowledge of the essential facts constituting the claim (Matter of Newcomb v Middle Country Cent. Sch. Dist., 28 NY3d at 466). The conclusory assertion of substantial prejudice set forth in the affirmation of the petitioner's attorney was "inadequate to satisfy the [petitioner's] minimal initial burden with respect to this factor" (Matter of D.M. v Center Moriches Union Free Sch. Dist., 151 AD3d 970, 973; see Matter of Maldonado v City of New York, 152 AD3d 522, 523). The petitioner contends, for the first time on appeal, that photographic evidence appended to the late notice of claim demonstrated what the defective roadway condition looked like on the date of her fall. However, the photographs were never authenticated, nor did the petitioner identify the actual dates the photographs were taken. The petitioner therefore failed to establish that the alleged defective condition was substantially as depicted therein or that the condition remained unchanged since the time of the accident (see Matter of Shavreshyan v City of New York, 207 AD3d 470; Matter of Bermudez v City of New York, 167 AD3d at 735; Matter of Bramble v New York City Dept. of Educ., 125 AD3d 856, 859).
Accordingly, the Supreme Court improvidently exercised its discretion in granting the petition.
DUFFY, J.P., CHRISTOPHER, DOWLING and WARHIT, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court