Matter of Guerre v New York City Tr. Auth. (2024 NY Slip Op 02052)

Matter of Guerre v New York City Tr. Auth.

2024 NY Slip Op 02052

Decided on April 17, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 17, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
CHERYL E. CHAMBERS
LINDA CHRISTOPHER
CARL J. LANDICINO, JJ.

2023-00497
 (Index No. 528327/22)

[*1]In the Matter of Cathrina Guerre, respondent,
v
New York City Transit Authority, appellant.

Anna J. Ervolina, Brooklyn, NY (Timothy J. O'Shaughnessy of counsel), for appellant.
Redmond Law Firm, PLLC, New York, NY (Cornelius Redmond of counsel), for respondent.

DECISION & ORDER
In a proceeding pursuant to General Municipal Law § 50-e(5) for leave to serve a late notice of claim or to deem a late notice of claim timely served nunc pro tunc, the New York City Transit Authority appeals from an order of the Supreme Court, Kings County (Consuelo Mallafre-Melendez, J.), dated December 23, 2022. The order granted the petition.
ORDERED that the order is reversed, on the facts and in the exercise of discretion, with costs, the petition is denied, and the proceeding is dismissed.
On March 28, 2022, the petitioner allegedly was injured when she tripped on a staircase located inside the Brighton Beach subway station in Brooklyn. The petitioner subsequently served a notice of claim on the New York City Transit Authority (hereinafter NYCTA), one day beyond the 90-day statutory period (see General Municipal Law § 50-e[1][a]), and the NYCTA rejected the notice of claim and disallowed the petitioner's claim based on the untimely service. Thereafter, in November 2022, the petitioner commenced this proceeding pursuant to General Municipal Law § 50-e(5) for leave to serve a late notice of claim or to deem the late notice of claim timely served nunc pro tunc. In an order dated December 23, 2022, the Supreme Court granted the petition. The NYCTA appeals.
"'General Municipal Law § 50-e(5) permits a court, in its discretion, to extend the time for a petitioner to serve a notice of claim'" (Matter of Lang v County of Nassau, 210 AD3d 773, 774, quoting Matter of Newcomb v Middle Country Cent. Sch. Dist., 28 NY3d 455, 460-461). "In determining whether to grant leave to serve a late notice of claim, the court must consider all relevant circumstances, including whether (1) the claimant demonstrated a reasonable excuse for the failure to timely serve the notice, (2) the municipal entity acquired actual knowledge of the essential facts constituting the claim within 90 days after the claim arose or a reasonable time thereafter, and (3) the delay in seeking leave would substantially prejudice the municipal entity in its ability to defend against the action" (Matter of Lang v County of Nassau, 210 AD3d at 774; see General Municipal Law § 50-e[5]; Matter of Newcomb v Middle Country Cent. Sch. Dist., 28 NY3d at 463-464; Matter of Wieman-Gibson v County of Suffolk, 206 AD3d 666, 666-667). "'While the presence or the absence of any one of the factors is not necessarily determinative, whether the municipality had [*2]actual knowledge of the essential facts constituting the claim is of great importance'" (Matter of Wieman-Gibson v County of Suffolk, 206 AD3d at 667, quoting Matter of Snyder v County of Suffolk, 116 AD3d 1052, 1053). A petitioner's lack of a reasonable excuse for the delay in serving a timely notice of claim is "not necessarily fatal" to an application for leave to serve late notice (Matter of Johnson v County of Suffolk, 167 AD3d 742, 745 [internal quotation marks omitted]). "[W]here there is actual notice and absence of prejudice, the lack of a reasonable excuse will not bar the granting of leave to serve a late notice of claim" (Matter of Joy v County of Suffolk, 89 AD3d 1025, 1027).
Here, the NYCTA did not acquire actual knowledge of the essential facts constituting the claim within a reasonable time after the expiration of the 90-day statutory period (see Matter of Ashkenazie v City of New York, 165 AD3d 785, 786; Matter of Sanchez v City of New York, 116 AD3d 703, 704). "A late notice of claim served without leave of court is a nullity" (Chtchannikova v City of New York, 138 AD3d 908, 909; see Mosheyev v New York City Dept. of Educ., 144 AD3d 645, 646). Under the circumstances presented, where the NYCTA rejected the notice of claim and disallowed the claim based on the untimely service, the petitioner's late notice of claim did not provide the NYCTA with actual knowledge (see Matter of Ashkenazie v City of New York, 165 AD3d at 785-787; Matter of Katsiouras v City of New York, 106 AD3d 916, 918; Mack v City of New York, 265 AD2d 308, 309). Furthermore, the petitioner failed to proffer any other evidence that was sufficient to provide the NYCTA with actual knowledge of the essential facts constituting the claim within 90 days after the accrual of the claim or within a reasonable time thereafter (cf. Feduniak v New York City Health & Hosps. Corp. [Queens Hosp. Ctr.], 170 AD3d 663, 665; Erichson v City of Poughkeepsie Police Dept., 66 AD3d 820). The letter sent by the petitioner's counsel to the NYCTA within the 90-day statutory period did not provide the NYCTA with timely actual knowledge of the facts essential to the claim, because it did not describe the specific location of the incident, the cause of the petitioner's fall, or how the NYCTA was liable (see Matter of Naar v City of New York, 161 AD3d 1081, 1083; Matter of Peterson v New York City Dept. of Envtl. Protection, 66 AD3d 1027, 1029-1030; cf. Matter of Brown v City of New York, 218 AD3d 466, 467; Matter of Catania v City of New York, 188 AD3d 1041, 1043).
As to the other relevant factors, the petitioner failed to demonstrate a reasonable excuse for her failure to timely serve the notice of claim (see Matter of Brown v City of New York, 174 AD3d 800, 801; Matter of Maggio v City of New York, 137 AD3d 1282, 1283) or for the delay of an additional five months in commencing the instant proceeding after her late notice of claim was rejected (see Matter of Maggio v City of New York, 137 AD3d at 1283). The petitioner also failed to meet her initial burden of presenting "some evidence or plausible argument" (Matter of Newcomb v Middle Country Cent. Sch. Dist., 28 NY3d at 466) to support a finding that the NYCTA will not be substantially prejudiced by the approximately five-month delay from the expiration of the 90-day statutory period until the commencement of this proceeding (see Matter of Brown v City of New York, 174 AD3d at 802; Matter of Valila v Town of Hempstead, 107 AD3d 813, 815).
Accordingly, the Supreme Court should have denied the petition for leave to serve a late notice of claim or to deem the late notice of claim timely served nunc pro tunc.
IANNACCI, J.P., CHAMBERS, CHRISTOPHER and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court