Matter of F.Z. v City of New York (2024 NY Slip Op 03487)

Matter of F.Z. v City of New York

2024 NY Slip Op 03487

Decided on June 26, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 26, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
ROBERT J. MILLER
WILLIAM G. FORD
LOURDES M. VENTURA, JJ.

2022-02540
 (Index No. 532988/21)

[*1]In the Matter of F.Z., etc., appellant, 
v
City of New York, respondent.

The Berkman Law Office, LLC, Brooklyn, NY (Robert J. Tolchin and David Tolchin of counsel), for appellant.
Muriel Goode-Trufant, Acting Corporation Counsel, New York, NY (Claude S. Platton and Karin Wolfe of counsel; Nolan Daniels on the brief), for respondent.

DECISION & ORDER
In a proceeding pursuant to General Municipal Law § 50-e(5) to deem a late notice of claim timely served nunc pro tunc, the petitioner appeals from an order of the Supreme Court, Kings County (Gina Abadi, J.), dated March 9, 2022. The order denied the petition and, in effect, dismissed the proceeding.
ORDERED that the order is affirmed, with costs.
In October 2020, the petitioner's 11-year-old daughter allegedly was injured when she tripped over an elevated screw on the Riegelmann Boardwalk in Coney Island (hereinafter the boardwalk). In December 2021, the petitioner served a late notice of claim upon the respondent, the City of New York, without leave of court and subsequently commenced this proceeding pursuant to General Municipal Law § 50-e(5) to deem the late notice of claim timely served nunc pro tunc. In an order dated March 9, 2022, the Supreme Court denied the petition and, in effect, dismissed the proceeding. The petitioner appeals. We affirm.
Pursuant to General Municipal Law § 50-e(1)(a), a party seeking to sue a public corporation must serve a notice of claim on the prospective defendant within 90 days after the claim arises (see Matter of Newcomb v Middle Country Cent. Sch. Dist., 28 NY3d 455, 460; Matter of Vincent v City of New York, 208 AD3d 589, 589). In determining whether to grant a petition for leave to serve a late notice of claim or to deem a late notice of claim timely served nunc pro tunc, the court must consider all relevant circumstances, including whether (1) the public corporation acquired actual knowledge of the essential facts constituting the claim within 90 days after the claim arose or a reasonable time thereafter, (2) the injured party was an infant at the time the claim arose and, if so, whether there was a nexus between the infancy and the failure to serve a timely notice of claim, (3) the petitioner demonstrated a reasonable excuse for failure to serve a timely notice of claim, and (4) the delay would substantially prejudice the public corporation in its defense on the merits (see General Municipal Law § 50-e[5]; Matter of C.N. v City of New York, 208 AD3d 784, 786; Matter of Brown v City of New York, 202 AD3d 783, 783). "While the presence or the absence of any one of the factors is not necessarily determinative, whether the municipality had actual knowledge of the essential facts constituting the claim is of great importance" (Matter of Wieman-Gibson v County of Suffolk, 206 AD3d 666, 667 [internal quotation marks omitted]).
Here, the petitioner failed to establish that the City had acquired actual knowledge [*2]of the essential facts constituting the claim within 90 days of the accident or a reasonable time thereafter (see id.; Matter of Ramos v Board of Educ. of the City of N.Y., 148 AD3d 909, 911). The petitioner's contention that the City acquired actual knowledge of the claim based on, inter alia, general and conclusory allegations that the City was aware of widespread disrepair to the boardwalk and that the City created the alleged defect is without merit (see Matter of Sumi v Village of Stewart Manor, 219 AD3d 490, 491-492; Matter of Rios v County of Nassau, 212 AD3d 631, 632).
The petitioner failed to offer a reasonable excuse for the service of the late notice of claim (see Matter of Robinson v City of New York, 208 AD3d 587, 588; Matter of Poster v Incorporated Vil. of New Hyde Park, 208 AD3d 585, 586; Meyer v County of Suffolk, 90 AD3d 720, 721). The petitioner's assertion that the delay was caused by infancy was insufficient to constitute a reasonable excuse without a showing of any nexus between the infancy and delay (see Matter of C.N. v City of New York, 208 AD3d at 786; Matter of Ramos v Board of Educ. of the City of N.Y., 148 AD3d at 912).
The petitioner also failed to sustain his burden of presenting some evidence or plausible argument to support a finding that the City would not be substantially prejudiced by the filing of a late notice of claim given the delay of almost one year (see Matter of Newcomb v Middle Country Cent. Sch. Dist., 28 NY3d at 466; Matter of Sumi v Village of Stewart Manor, 219 AD3d at 492; Matter of Etienne v City of New York, 189 AD3d 1400, 1402).
The petitioner's remaining contentions are either not properly before this Court or without merit.
Accordingly, the Supreme Court providently exercised its discretion in denying the petition and, in effect, dismissing the proceeding.
BARROS, J.P., MILLER, FORD and VENTURA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court