Matter of Ionescu v City of New York (2024 NY Slip Op 04389)

Matter of Ionescu v City of New York

2024 NY Slip Op 04389

Decided on September 11, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on September 11, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
LINDA CHRISTOPHER
LILLIAN WAN
LAURENCE L. LOVE, JJ.

2023-03917
 (Index No. 150335/23)

[*1]In the Matter of Georgette Ionescu, respondent,
v
City of New York, et al., appellants.

Muriel Goode-Trufant, Acting Corporation Counsel, New York, NY (Melanie T. West and Amy McCamphill of counsel), for appellants.
Jonathan D'Agostino & Associates, P.C., Staten Island, NY (Glenn Schwartz of counsel), for respondent.

DECISION & ORDER
In a proceeding pursuant to General Municipal Law § 50-e(5) for leave to serve a late notice of claim, the appeal is from an order of the Supreme Court, Richmond County (Orlando Marrazzo, Jr., J.), dated March 15, 2023. The order granted the petition.
ORDERED that the order is reversed, on the law, with costs, the petition is denied, and the proceeding is dismissed.
In February 2023, the petitioner commenced this proceeding pursuant to General Municipal Law § 50-e(5) for leave to serve a late notice of claim upon the City of New York, New York City Department of Transportation, New York City Department of Environmental Protection, and New York City Department of Environmental Protection Bureau of Water and Sewer Operations (hereinafter collectively the appellants). The petitioner alleged, inter alia, that, in June 2022, she tripped and fell on a defective condition in a roadway located in Staten Island and fractured her ankle. In an order dated March 15, 2023, the Supreme Court granted the petition. This appeal ensued.
"'Timely service of a notice of claim is a condition precedent to a lawsuit sounding in tort and commenced against a municipality'" (Matter of Ruiz v City of New York, 154 AD3d 945,
946, quoting Matter of Zaid v City of New York, 87 AD3d 661, 662). A notice of claim generally must be served on a municipality within 90 days after a tort claim against it arises (see General Municipal Law §§ 50-e[1][a]; 50-i). "However, a court, in its discretion, may extend the time for a petitioner to serve a notice of claim" (Matter of Fethallah v New York City Police Dept., 150 AD3d 998, 999). In determining whether to grant a petition for leave to serve a late notice of claim or to deem a late notice of claim timely served nunc pro tunc, a court must consider all relevant circumstances, including, but not limited to, whether the municipality acquired actual knowledge of the essential facts constituting the claim within 90 days after the claim arose or a reasonable time thereafter, whether the delay would substantially prejudice the municipality in its defense, and whether the petitioner demonstrated a reasonable excuse for the failure to serve a timely notice of claim (see General Municipal Law § 50-e(5); Matter of Ibrahim v New York City Tr. Auth., 202 [*2]AD3d 786, 787). "'While the presence or the absence of any one of the factors is not necessarily determinative, whether the municipality had actual knowledge of the essential facts constituting the claim is of great importance'" (Matter of Mohamed v New York City, 139 AD3d 858, 858, quoting Matter of Placido v County of Orange, 112 AD3d 722, 723; see Matter of Galicia v City of New York, 175 AD3d 681, 682).
Here, the Supreme Court should have denied the petition. The petitioner failed to demonstrate that the appellants had actual knowledge of the essential facts constituting the claim within 90 days after its accrual or a reasonable time thereafter (see Matter of Lang v County of Nassau, 210 AD3d 773, 775). The undated photographs submitted by the petitioner in support of the petition were insufficient to prove that the appellants had actual knowledge of the facts constituting her claim (see Matter of Vincent v City of New York, 208 AD3d 589, 590; Matter of Bermudez v City of New York, 167 AD3d 733, 734). The photographs were not authenticated, and the petitioner failed to show that the alleged roadway defect was substantially the same as the condition depicted in the photographs or that the condition remained unchanged since the time of the accident (see Matter of Lang v County of Nassau, 210 AD3d at 776; Matter of Shavreshyan v City of New York, 207 AD3d 470, 471).
The petitioner also failed to demonstrate a reasonable excuse for the failure to timely serve a notice of claim. The petitioner did not provide medical documentation to support her assertion that she could not leave her apartment for three months after the alleged accident because of her injury (see Matter of Lang v County of Nassau, 210 AD3d at 775). Moreover, the petitioner also failed to demonstrate a reasonable excuse for the additional delay of more than five months in seeking leave to serve a late notice of claim (see Matter of Vincent v City of New York, 208 AD3d at 590).
The petitioner further failed to demonstrate lack of prejudice to the appellants. "[T]he burden initially rests on the petitioner to show that the late notice will not substantially prejudice the public corporation. Such a showing need not be extensive, but the petitioner must present some evidence or plausible argument that supports a finding of no substantial prejudice" (Matter of Newcomb v Middle Country Cent. Sch. Dist., 28 NY3d 455, 466). Here, the petitioner made no showing that the delay of more than five months after the 90-day notice of claim period had expired did not prejudice the appellants (see Matter of Harding v Yonkers Cent. Sch. Dist., 170 AD3d 725, 727). Notably, even if the petitioner's undated and unauthenticated photographs were acceptable proof of a present defective condition in the roadway, the petitioner submitted no comparison photographs to show that the alleged defective condition did not change from the time of the accident to the time the photographs were taken (see Matter of Lang v County of Nassau, 210 AD3d at 776; Matter of Bermudez v City of New York, 167 AD3d at 734). Since the petitioner failed to make the initial showing of lack of prejudice to the appellants, the burden never shifted to the appellants to make a particularized evidentiary showing that they would be substantially prejudiced by the late notice of claim (see Matter of Cruz v Transdev Servs., Inc., 160 AD3d 729).
Accordingly, the Supreme Court should have denied the petition for leave to serve a late notice of claim and dismissed the proceeding.
DUFFY, J.P., CHRISTOPHER, WAN and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court