Matter of Benedetto v New York City Sch. Constr. Auth. (2024 NY Slip Op 04387)

Matter of Benedetto v New York City Sch. Constr. Auth.

2024 NY Slip Op 04387

Decided on September 11, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on September 11, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
JOSEPH J. MALTESE
PAUL WOOTEN
LAURENCE L. LOVE, JJ.

2023-01031
 (Index No. 721221/22)

[*1]In the Matter of Matthew Benedetto, appellant,
v
New York City School Construction Authority, respondent.

Feerick Nugent MacCartney, PLLC, South Nyack, NY (Christopher B. Pavlacka and J. David MacCartney, Jr., of counsel), for appellant.
Morris Duffy Alonso Faley & Pitcoff, New York, NY (Iryna S. Krauchanka, Kevin G. Faley, and Ira E. Goldstein of counsel), for respondent.

DECISION & ORDER
In a proceeding pursuant to General Municipal Law § 50-e(5) for leave to serve a late notice of claim or to deem a late notice of claim timely served nunc pro tunc, or, in the alternative, pursuant to CPLR 3102(c) to obtain pre-action disclosure, the petitioner appeals from an order of the Supreme Court, Queens County (Tracy Catapano-Fox, J.), entered December 21, 2022. The order granted the respondent's motion, in effect, to dismiss the petition, denied the petition, and dismissed the proceeding.
ORDERED that the order is reversed, on the facts and in the exercise of discretion, with costs, the respondent's motion, in effect, to dismiss the petition is denied, that branch of the petition which was for leave to serve a late notice of claim is granted, and those branches of the petition which were to deem a late notice of claim timely served nunc pro tunc and to obtain pre-action disclosure are denied as academic.
On March 11, 2022, the petitioner allegedly was injured while working at a school in Queens that was under construction when he slipped on a tarp covering a hole in the floor. In a letter dated March 16, 2022, Gallagher Bassett Services, Inc. (hereinafter GB), identified itself as the workers' compensation claims administrator for the respondent, New York City School Construction Authority (hereinafter the Authority). The petitioner submitted an employee's report of injury dated April 2, 2022, to GB. On October 7, 2022, the petitioner commenced this proceeding pursuant to General Municipal Law § 50-e(5) for leave to serve a late notice of claim or to deem a late notice of claim timely served nunc pro tunc, or, in the alternative, pursuant to CPLR 3102(c) to obtain pre-action disclosure. The Authority moved, in effect, to dismiss the petition. The Supreme Court granted the Authority's motion, denied the petition, and dismissed the proceeding. The petitioner appeals.
"'General Municipal Law § 50-e(5) permits a court, in its discretion, to extend the time for a petitioner to serve a notice of claim'" (Matter of Lang v County of Nassau, 210 AD3d 773, 774, quoting Matter of Newcomb v Middle Country Cent. Sch. Dist., 28 NY3d 455, 460-461). "In determining whether to grant leave to serve a late notice of claim, the court must consider all relevant [*2]circumstances, including whether (1) the claimant demonstrated a reasonable excuse for the failure to timely serve the notice, (2) the [public corporation] acquired actual knowledge of the essential facts constituting the claim within 90 days after the claim arose or a reasonable time thereafter, and (3) the delay in seeking leave would substantially prejudice the [public corporation] in its ability to defend against the action" (id.; see General Municipal Law § 50-e[5]; Matter of Newcomb v Middle Country Cent. Sch. Dist., 28 NY3d at 463-464; Matter of Wieman-Gibson v County of Suffolk, 206 AD3d 666, 666-667). "'While the presence or the absence of any one of the factors is not necessarily determinative, whether the municipality had actual knowledge of the essential facts constituting the claim is of great importance'" (Matter of Wieman-Gibson v County of Suffolk, 206 AD3d at 667, quoting Matter of Snyder v County of Suffolk, 116 AD3d 1052, 1053).
A petitioner's lack of a reasonable excuse for the delay in serving a timely notice of claim is "not necessarily fatal" to an application for leave to serve a late notice of claim (Matter of Johnson v County of Suffolk, 167 AD3d 742, 745 [internal quotation marks omitted]). "[W]here there is actual notice and absence of prejudice, the lack of a reasonable excuse will not bar the granting of leave to serve a late notice of claim" (Matter of Joy v County of Suffolk, 89 AD3d 1025, 1027).
Here, the petitioner failed to demonstrate a reasonable excuse for his failure to serve a timely notice of claim. However, the Authority acquired timely notice of the accident from its agent, GB, which administered the petitioner's workers' compensation claim and had the opportunity to conduct an investigation, the results of which were within the Authority's "peculiar knowledge" (Matter of Newcomb v Middle Country Cent. Sch. Dist., 28 NY3d at 468 [internal quotation marks omitted]). Further, the petitioner demonstrated a lack of substantial prejudice. As noted by the Court of Appeals, "[s]uch a showing need not be extensive, but the petitioner must present some evidence or plausible argument that supports a finding of no substantial prejudice" (id. at 466). Even if the Authority did not conduct a timely investigation, the fact that they could have done so met that burden. Further, since the tarp covering the alleged hole in the floor was highly transitory, the Authority would have been in the same position regarding any investigation even if the notice of claim had been timely served (see Matter of Simpson v City of New York, 222 AD3d 986, 988; Matter of Ortiz v Westchester County, 208 AD3d 487, 489; Matter of Shumway v Town of Hempstead, 187 AD3d 758, 959).
In opposition, the Authority failed to make "a particularized evidentiary showing" of prejudice, relying instead on conclusory assertions (Matter of Newcomb v Middle Country Cent. Sch. Dist., 28 NY3d at 467; see Matter of Shumway v Town of Hempstead, 187 AD3d at 759). Moreover, the Authority, through GB, had knowledge of the petitioner's injuries at the latest on March 16, 2022, and appears to have investigated those injuries thereafter. Accordingly, we conclude that the balance of the statutory factors in this case warrants granting that branch of the petition which was for leave to serve a late notice of claim. Upon granting that branch of the petition, the Authority's motion, in effect, to dismiss the petition should be denied, and those branches of the petition which were to deem a late notice of claim timely served nunc pro tunc and to obtain pre-action disclosure should be denied as academic.
BARROS, J.P., MALTESE, WOOTEN and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court