Matter of Tsontakis v City of New York (2025 NY Slip Op 03333)

Matter of Tsontakis v City of New York

2025 NY Slip Op 03333

Decided on June 4, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 4, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
LARA J. GENOVESI
JANICE A. TAYLOR
DONNA-MARIE E. GOLIA, JJ.

2022-06558
 (Index No. 514204/22)

[*1]In the Matter of Elpida Tsontakis, appellant,
v
City of New York, et al., respondents.

Subin Associates, LLP (Pollack, Pollack, Isaac & DeCicco, LLP, New York, NY [Brian J. Isaac, Diane Toner, and Jillian Rosen], of counsel), for appellant.
Muriel Goode-Trufant, Corporation Counsel, New York, NY (Jamison Davies and Jeremy Pepper of counsel; Grace Keogh on the brief), for respondents.

DECISION & ORDER
In a proceeding pursuant to General Municipal Law § 50-e(5) for leave to serve late notices of claim or to deem late notices of claim timely served nunc pro tunc, the petitioner appeals from an order of the Supreme Court, Kings County (Gina Abadi, J.), dated July 6, 2022. The order denied the petition and dismissed the proceeding.
ORDERED that the order is affirmed, with costs.
On November 19, 2021, the petitioner allegedly tripped over a sidewalk defect adjoining a New York City public school. The petitioner was employed by the New York City Department of Education at the school. The petitioner and her coworker reported the accident to school officials. The coworker submitted an injury report and witness statement to the New York City Board of Education, stating that she saw the petitioner on the sidewalk, but the coworker did not describe a defect.
The petitioner retained counsel on December 15, 2021. The attorney sent an investigator who took photographs of the accident site.
Notices of claim should have been served by February 17, 2022, but were not served until 28 days later, on March 17, 2022. The instant proceeding pursuant to General Municipal Law § 50-e(5) for leave to serve late notices of claim or to deem the notices of claim served on March 17, 2022, timely served nunc pro tunc was commenced on or about May 19, 2022, supported by, among other things, affidavits from the petitioner and the attorney handling the case, who attributed the delay to a generalized claim of law office failure, copies of the notices of claim, and photographs of what was purportedly the accident site. The Supreme Court denied the petition and dismissed the proceeding. The petitioner appeals.
"'General Municipal Law § 50-e(5) permits a court, in its discretion, to extend the time for a petitioner to serve a notice of claim'" (Matter of Lang v County of Nassau, 210 AD3d 773, 774, quoting Matter of Newcomb v Middle Country Cent. Sch. Dist., 28 NY3d 455, 460-461). "In determining whether to grant leave to serve a late notice of claim, the court must consider all relevant circumstances, including whether (1) the claimant demonstrated a reasonable excuse for the failure to timely serve the notice, (2) the [public corporation] acquired actual knowledge of the essential [*2]facts constituting the claim within 90 days after the claim arose or a reasonable time thereafter, and (3) the delay in seeking leave would substantially prejudice the [public corporation] in its ability to defend against the action" (id.; see General Municipal Law § 50-e[5]; Matter of Newcomb v Middle Country Cent. Sch. Dist., 28 NY3d at 463-464; Matter of Wieman-Gibson v County of Suffolk, 206 AD3d 666, 666-667). "'While the presence or the absence of any one of the factors is not necessarily determinative, whether the municipality had actual knowledge of the essential facts constituting the claim is of great importance'" (Matter of Wieman-Gibson v County of Suffolk, 206 AD3d at 667 [internal quotation mark omitted], quoting Matter of Snyder v County of Suffolk, 116 AD3d 1052, 1053).
Here, the petitioner immediately gave actual notice of the accident but not notice of the nature of defect. As noted by this Court in Matter of Felice v Eastport/South Manor Cent. School Dist. (50 AD3d 138, 147-148 [citation omitted], quoting General Municipal Law § 50-e[5]), "a public corporation's knowledge of the accident and the injury, without more, does not constitute 'actual knowledge of the essential facts constituting the claim' at least where the incident and the injury do not necessarily occur only as the result of fault for which it may be liable." The photographs of the accident site annexed to the petition do not constitute evidence that the respondents had "actual knowledge of the essential facts constituting the claim within a reasonable time after the expiration of the 90-day notice period" (Matter of Nunez v City of New York, 208 AD3d 485, 486).
Further, as noted by the Supreme Court, the petitioner did not set forth a reasonable excuse for the delay.
The parties' remaining contentions either are without merit or need not be addressed in light of our determination.
Accordingly, the petition was properly denied.
BARROS, J.P., GENOVESI, TAYLOR and GOLIA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court