[68 NE3d 714, 45 NYS3d 895]

In the Matter of RAYMOND NEWCOMB et al., Appellants, v
MIDDLE COUNTRY CENTRAL SCHOOL DISTRICT, Respondent.

Argued November 15, 2016; decided December 22, 2016

456

**POINTS OF COUNSEL**

*Law Offices of Paul A. Montuori, P.C.*, Mineola (*Paul A. Montuori* of counsel), for appellants.

458

*Congdon, Flaherty, O'Callaghan, Reid, Donlon, Travis & Fishlinger*, Uniondale (*Christine Gasser* of counsel), for respondent.

*Michaels & Smolak, P.C.*, Auburn (*Michael G. Bersani* of counsel), for New York State Academy of Trial Lawyers, amicus curiae.

*Edward H. Gersowitz, New York State Trial Lawyers Association*, New York City, and *Pollack Pollack Isaac & De Cicco, LLP*, New York City (*Brian J. Isaac* of counsel), for New York

460

State Trial Lawyers Association, amicus curiae.

**OPINION OF THE COURT**

Chief Judge DiFIORE.

The issue in this appeal is whether the lower courts abused their discretion in denying petitioner's motion for leave to serve a late notice of claim.[1] We conclude that it is an abuse of discretion as a matter of law when, as here, a court determines, in the absence of any record evidence to support such determination, that a respondent will be substantially prejudiced in its defense by a late notice of claim. Here, the lower courts also improperly placed the burden of proving substantial prejudice solely on petitioner. We therefore reverse.

## I.

Pursuant to General Municipal Law § 50-e (1) (a), a party seeking to sue a public corporation, which includes a school district, must serve a notice of claim on the prospective defendant "within ninety days after the claim arises."[2] General Municipal Law § 50-e (5) permits a court, in its discretion, to

1.  Raymond Newcomb, individually, and as father and natural guardian of Austin Newcomb, will be referred to throughout this opinion as "petitioner."

2.  General Municipal Law § 50-e applies to a "public corporation" as that term is defined in the General Construction Law (General Municipal Law § 50-e [1] [a]). The General Construction Law defines a "public corporation" as "includ[ing] a municipal corporation, a district corporation, or a public benefit corporation" (General Construction Law § 66 [1]). A "municipal

extend the time for a petitioner to serve a notice of claim.[3] The statute requires the court to consider whether the public corporation "acquired actual knowledge of the essential facts constituting the claim within [90 days after the accrual of the claim] or within a reasonable time thereafter" (General Municipal Law § 50-e [5]). Additionally, the statute requires the court to consider "all other relevant facts and circumstances" and provides a "nonexhaustive list of factors that the court should weigh" (*Williams v Nassau County Med. Ctr.*, 6 NY3d 531, 538-539 [2006]). One factor the court must consider is "whether the delay in serving the notice of claim substantially prejudiced the public corporation in maintaining its defense on the merits" (General Municipal Law § 50-e [5]).

Turning to the specific facts of this case, on March 23, 2013, petitioner's son, who was 16 at the time, was hit by a car while attempting to cross an intersection and sustained what Supreme Court described as "devastating injuries" (2014 NY Slip Op 31320[U], *1 [Sup Ct, Suffolk County 2014]). The driver fled the scene but was subsequently arrested. Within days, petitioner reported details of the accident, including the location and the nature of his son's injuries, to his son's high school, which is located within respondent Middle Country Central School District (the School District). Less than one month later, petitioner's counsel asked the police for the accident file, but the police told him that the record could not be supplied until the police investigation of the hit-and-run driver was closed. Unable to obtain the police file, petitioner had his own investigator photograph the accident site within 90 days of the accident. Petitioner timely served notices of claim on the State, Town, and County.

Over the next several months, petitioner and his counsel repeatedly asked the police department and district attorney for access to the police accident file. In September 2013, six months after the accident, petitioner's counsel finally received the file. Unlike the photographs taken by petitioner's investigator, the photographs in the file revealed that, at the time of the accident, there was a large sign at the corner of the intersec-

corporation" is in turn defined as "includ[ing] a county, city, town, village and school district" (*id.* § 66 [2]).

3. The late notice of claim in this case was also brought pursuant to Education Law § 3813 (2-a), which contains a provision equivalent to section 50-e (5), and applies to "any school district, board of education, [and] board of cooperative educational services" (Education Law § 3813 [1]).

tion where petitioner's son was struck. This sign had been removed sometime after the accident, and it did not appear in the photographs taken by petitioner's investigator during the 90-day statutory period. Although the sign appeared in the police photographs, due to the size of the photographs, the lettering on the sign was illegible, even with magnification. Petitioner's counsel promptly requested an enlargement or the negative of the photographs. In November 2013, petitioner's counsel received the enlarged photographs, which revealed that the sign advertised a play at another high school located within the School District.

In late November 2013, five months after the 90-day statutory period for serving a notice of claim had expired, petitioner served a notice of claim on the School District by certified mail. The notice alleged that the School District's sign "obstruct[ed] the view of the corner and pedestrians thereupon," "creat[ed] a distraction for drivers," "obstruct[ed] the view of drivers upon the roadway," and "creat[ed] a dangerous and hazardous condition." Petitioner simultaneously filed an order to show cause for leave to serve a late notice of claim pursuant to General Municipal Law § 50-e (5) or to deem the notice timely served nunc pro tunc.

In the submissions accompanying his order to show cause, petitioner argued, as he does before this Court, that the School District had actual knowledge of the essential facts constituting petitioner's claim within a reasonable time after the accident both because petitioner reported the details of the accident, including its location, to his son's high school within days of its occurrence, and because the School District or its agents removed the sign from the accident scene within the 90-day statutory period. Petitioner further argued that he had a reasonable excuse for the late notice due to the delay caused by the ongoing criminal investigation into the hit-and-run driver which, despite petitioner and his counsel's diligent efforts, prevented them from obtaining legible photographs of the accident scene for nearly five months after expiration of the statutory period.

Lastly, petitioner argued that the School District was not substantially prejudiced by the late notice for several reasons. These included that the School District or its agents had placed the sign at the intersection and subsequently removed it during the 90-day statutory period; that the School District knew about the accident within a few days of its occurrence because

petitioner had notified his son's high school; that the School District had access to the police report and photographs from the police file that would permit the School District to reconstruct the scene and to interview witnesses; and that, except for removal of the sign by the School District, the accident scene was unchanged, and could be inspected and investigated by the School District.

The School District's opposition consisted solely of an affirmation of counsel. The School District argued that it did not have actual knowledge of the essential facts because notice of the accident failed to connect the accident to the sign and the police accident report made no mention of the sign. The School District did not rebut petitioner's showing of lack of substantial prejudice other than to argue that petitioner bore the burden of establishing such lack of prejudice and had failed to do so. Additionally, the School District argued that, when a notice of claim is not served within 90 days or a reasonable time thereafter, the court should infer that the passage of time has created substantial prejudice due to fading witness memories.

In reply, petitioner noted that the School District had failed to submit affidavits or other evidence from a person with personal knowledge of how the School District would be substantially prejudiced by the late notice. Petitioner also argued that the School District's conclusory assertions that the passage of time creates an inference of prejudice were insufficient to meet the School District's burden of overcoming petitioner's showing of no substantial prejudice.

## II.

Supreme Court, in determining whether petitioner should be permitted to serve the late notice of claim, considered four of the factors specified in General Municipal Law § 50-e (5): whether there was (1) a nexus between petitioner's son's infancy and the delay in service, (2) a reasonable excuse for the delay, (3) actual knowledge on the part of the School District of the essential facts constituting the claim within the 90-day statutory period or within a reasonable time thereafter, and (4) substantial prejudice to the School District due to the delay. Regarding factors one and two, Supreme Court concluded that there was no nexus between petitioner's son's infancy and the delay, but that the delay was justified due to "the severity and continuing nature of [petitioner's son's] injuries" as well as petitioner's inability to obtain photographs of the scene due to

the police investigation (2014 NY Slip Op 31320[U], *3). As to the third factor, Supreme Court concluded that the School District did not have actual knowledge of the essential facts within the statutory period or within a reasonable time thereafter because the School District had no actual notice that the sign may have contributed to the accident, and the police report did not mention the sign.

With respect to the fourth factor, substantial prejudice, Supreme Court placed the burden on petitioner to demonstrate that the School District was not substantially prejudiced by the delay in service.[4] The court concluded that the matriculation and graduation of students in the interim, as well as personnel changes, "presumably hinder[ed]" the School District's ability to collect information about the sign (2014 NY Slip Op 31320[U], *4). Additionally, Supreme Court reasoned that prejudice could be "inferred" because "the mere passage of time creates prejudice with respect to fading memories of witnesses" (id.). Thus, Supreme Court held that the School District was substantially prejudiced by the late notice.

The Appellate Division affirmed, referencing the same four factors discussed by Supreme Court. As relevant here, the Court concluded that petitioner failed to establish that the School District had actual knowledge within 90 days or a reasonable time thereafter that petitioner would contend that the placement of the sign was connected to the accident (128 AD3d 701, 702 [2d Dept 2015]). The Court further concluded that petitioner had failed to demonstrate that the late notice "would not substantially prejudice the School District's ability to defend against the claim" (id. at 703). Accordingly, the Appellate Division held that Supreme Court had not abused its discretion in denying the motion and dismissing the proceeding (id.).

This Court granted petitioner leave to appeal (26 NY3d 905 [2015]), and we now reverse.

---

4. Supreme Court initially stated that it was respondent's burden to show "no prejudice" (2014 NY Slip Op 31320[U], *4). However, it is clear that Supreme Court meant to say that it was petitioner's burden to show "no prejudice" because a respondent would want to show that there *was* prejudice, not that there was a *lack of* prejudice. Moreover, all three cases cited by Supreme Court for this proposition placed the burden for substantial prejudice on the petitioner.

### III.

As we have previously observed, a court's decision to grant or deny a motion to serve a late notice of claim is "purely a discretionary one" (*Cohen v Pearl Riv. Union Free School Dist.*, 51 NY2d 256, 265 [1980]; *see Wally G. v New York City Health & Hosps. Corp. [Metro. Hosp.]*, 27 NY3d 672, 675 [2016]). The lower courts have broad discretion to evaluate the factors set forth in General Municipal Law § 50-e (5). At the same time, a lower court's determinations must be supported by record evidence (*see Plummer v New York City Health & Hosps. Corp.*, 98 NY2d 263, 268 [2002] [reversing Appellate Division where record evidence did not support conclusion reached]; *see also Wally G.*, 27 NY3d at 677 [medical records will not establish actual knowledge unless records "evince" that medical provider inflicted injury]; *Williams*, 6 NY3d at 537 [same]). Here, there was support in the record for the lower courts' determinations regarding factors one through three—that there was no nexus between petitioner's son's infancy and the delay, that there was a reasonable excuse for the delay, and that the School District did not have actual knowledge of the essential facts constituting the claim within the 90-day statutory period or a reasonable time thereafter.

The same cannot be said for the lower courts' determinations concerning substantial prejudice. In examining whether the School District would be substantially prejudiced in its defense by the late notice, Supreme Court *presumed* that the matriculation and graduation of students and personnel changes hindered the School District's ability to gather information. This argument, however, was not made by the School District and there was no record evidence to support it. Additionally, Supreme Court *inferred* that the passage of time would prejudice the School District because of fading memories of potential witnesses. The Appellate Division adopted these determinations without discussion.

While this Court has previously instructed that lack of actual knowledge and lengthy delays are "important factor[s] in determining whether the defendant is substantially prejudiced" (*Williams*, 6 NY3d at 539), mere inferences cannot support a finding of substantial prejudice where, as here, there is no record evidence to support them. We hold that a finding that a public corporation is substantially prejudiced by a late notice of claim cannot be based solely on speculation and infer-

ence; rather, a determination of substantial prejudice must be based on evidence in the record.

In another context, we have held that "the mere passage of time normally will not constitute substantial prejudice in the absence of some showing of actual injury" (*Matter of Sarkisian Bros. v State Div. of Human Rights*, 48 NY2d 816, 818 [1979]; *cf. Leader v Maroney, Ponzini & Spencer*, 97 NY2d 95, 107 [2001] [lengthy delays that extend after statute of limitations has expired can lead a court to infer prejudice]). Although changes in personnel and the fading memories of witnesses may, in fact, be "prejudicial," a court must consider whether record evidence indicates that substantial prejudice does in fact exist. Providing proof of substantial prejudice on the record is qualitatively and quantitatively different from a mere inference of prejudice. Generic arguments and inferences will not establish "substantial prejudice" in the absence of facts in the record to support such a finding.

There is a split in Appellate Division authority regarding which party has the burden of proof to demonstrate that a late notice of claim substantially prejudices the public corporation. While there are decisions in all four departments that place the burden on the petitioner to show a lack of substantial prejudice,[5] there are also decisions in all four departments that either place the burden on the public corporation or shift the burden to the corporation after the petitioner has made an initial showing of a lack of prejudice.[6]

We hold that the burden initially rests on the petitioner to show that the late notice will not substantially prejudice the public corporation. Such a showing need not be extensive, but the petitioner must present some evidence or plausible argument that supports a finding of no substantial prejudice.

Here, for example, the petitioner argued, among other things, that the photographs from the police file, which documented the size and placement of the sign, would permit the School

---

**5.** *See e.g. Matter of Hubbard v County of Madison*, 71 AD3d 1313, 1315 (3d Dept 2010); *Matter of Lauray v City of New York*, 62 AD3d 467, 467 (1st Dept 2009); *Matter of Felice v Eastport/South Manor Cent. School Dist.*, 50 AD3d 138, 152 (2d Dept 2008); *Baehre v County of Erie*, 94 AD2d 943, 943 (4th Dept 1983).

**6.** *See e.g. Casale v Liverpool Cent. Sch. Dist.*, 99 AD3d 1246, 1247 (4th Dept 2012); *Matter of Apgar v Waverly Cent. School Dist.*, 36 AD3d 1113, 1115 (3d Dept 2007); *Gibbs v City of New York*, 22 AD3d 717, 720 (2d Dept 2005); *Matter of Ansong v City of New York*, 308 AD2d 333, 334 (1st Dept 2003).

District to reconstruct the conditions on the date of the incident. Once this initial showing has been made, the public corporation must respond with a particularized evidentiary showing that the corporation will be substantially prejudiced if the late notice is allowed. Here, the lower courts applied the incorrect legal standard by placing the burden solely on petitioner to establish lack of substantial prejudice and by failing to consider whether petitioner's initial showing shifted the burden to the School District. Moreover, even if the lower courts had applied the proper standard, speculation and inference do not satisfy the requirement of a particularized showing of substantial prejudice by the School District.

Plainly, a determination of "substantial prejudice" does not occur in a vacuum. As we determined in *Williams*, both the length of delay in service (which in *Williams* was 10 years) and lack of actual knowledge of the facts underlying the claim certainly can affect whether the late notice substantially prejudices the public corporation in defending the claim (6 NY3d at 538-539).[7] Nonetheless, whether the public corporation is substantially prejudiced remains a separate inquiry under the statute (*see id.*). Indeed, there may be scenarios where, despite a finding that the public corporation lacked actual knowledge during the statutory period or a reasonable time thereafter, the public corporation nonetheless is not substantially prejudiced by the late notice (*see e.g. Hubbard*, 71 AD3d at 1315-1316).

The rule we endorse today—requiring a petitioner to make an initial showing that the public corporation will not be substantially prejudiced and then requiring the public corporation to rebut that showing with particularized evidence— strikes a fair balance. We recognize that a petitioner seeking to excuse the failure to timely comply with the notice requirement should have the initial burden to show that the public corporation will not be substantially prejudiced by the delay. The public corporation, however, is in the best position to know and demonstrate whether it has been substantially prejudiced

---

7. Any suggestion in *Williams* that substantial prejudice may be inferred from the passage of time (*see Williams*, 6 NY3d at 539 n 3) must be read in the particular context of that case, where the delay in serving a notice of claim was 10 years. We also stated in *Williams* that the length of the delay may be "influential" to the determination of substantial prejudice, but it is not "dispositive" (*id.* at 538-539). As we make clear in this decision, substantial prejudice may not be inferred solely from the delay in serving a notice of claim.

by the late notice. We have long held in other contexts that where "the facts are within the defendant's peculiar knowledge, . . . he [or she] should, therefore, prove them" (*Collins v Bennett*, 46 NY 490, 494 [1871]; *see Art Masters Assoc. v United Parcel Serv.*, 77 NY2d 200, 215 [1990, Titone, J., dissenting] [noting that "(i)t is a legal commonplace that 'if a fact lies peculiarly within the knowledge of a party, that party has the burden of proof with respect to it' " (citation omitted)]; *see also Terranova v Emil*, 20 NY2d 493, 497 [1967] [denying summary judgment where knowledge of facts was "peculiarly in the possession of the defendants"]). Requiring the public corporation to come forward with a particularized showing is appropriate in this context given that the public corporation is in the best position to provide evidence as to whether the late notice has substantially prejudiced its ability to defend the claim on the merits.

Accordingly, the order of the Appellate Division should be reversed, with costs, and the matter remitted to Supreme Court for further proceedings in accordance with this opinion.

Judges PIGOTT, RIVERA, ABDUS-SALAAM, STEIN, FAHEY and GARCIA concur.

Order reversed, with costs, and matter remitted to Supreme Court, Suffolk County, for further proceedings in accordance with the opinion herein.