Cisse v New York City Health & Hosps. Corp. (2023 NY Slip Op 00484)

Cisse v New York City Health & Hosps. Corp.

2023 NY Slip Op 00484

Decided on February 02, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: February 02, 2023

Before: Kapnick, J.P., Friedman, Gesmer, Moulton, Mendez, JJ. 

Index No. 805006/19 Appeal No. 17231 Case No. 2021-03819 

[*1]Nossogona Cisse, as Mother and Natural Guardian of M.P.C., an Infant, Plaintiff-Appellant,
v
New York City Health and Hospitals Corporation et al., Defendants-Respondents.

Lisa M.Comeau, Garden City, for appellant.
Sylvia O. Hinds-Radix, Corporation Counsel, New York (Elizabeth I. Freedman of counsel), for respondents.

Order, Supreme Court, New York County (George J. Silver, J.), entered March 22, 2021, which denied plaintiff's motion for leave to serve a late notice of claim and granted defendants' cross motion to dismiss the complaint, unanimously affirmed, without costs.
The court providently exercised its discretion in denying plaintiff leave to serve a late notice of claim (General Municipal Law § 50-e[5]). Plaintiff failed to show that defendants had actual notice of the essential facts constituting her malpractice claim, as her hospital records do not evince that defendants, by their acts or omissions, inflicted an injury on plaintiff's child during the child's birth (see Wally G. v New York City Health & Hosps. Corp. [Metro. Hosp.], 27 NY3d 672, 677 [2016]). While plaintiff's expert opined that defendants' application of "excessive" traction to the infant's head during her delivery caused her to sustain a brachial plexus injury and Erb's palsy, nothing in the hospital records indicated that traction was used. The expert's opinion that defendants should have followed a different course of action during the delivery was insufficient to show that they had notice of the claim, particularly given that the hospital records indicated that plaintiff had previously delivered two healthy babies without complications (see Wally G., 27 NY3d at 677).
Additionally, plaintiff failed to set forth a reasonable excuse for her five-year delay in seeking leave to file a late notice of claim. Plaintiff explained that she relied on defendants' assurances that the infant's condition would improve with physical therapy, but the infant's medical records indicate that, about four months after the child's birth, plaintiff brought the child to another facility for a "second opinion" because plaintiff was dissatisfied with the child's progress with therapy (see Webb v New York City Health & Hosps. Corp.. 50 AD3d 265, 265 [1st Dept 2008]).
Because plaintiff did not satisfy her initial burden of demonstrating absence of substantial prejudice to defendants by a late notice of claim, the burden never shifted to defendants to make a particularized evidentiary showing of prejudice (see Matter of Newcomb v Middle Country Cent. Sch. Dist., 28 NY3d 455, 467-468 [2016]). Given defendants' lack of notice, the court correctly determined that they have been deprived of the opportunity to conduct a prompt investigation of the merits of plaintiff's claim and, therefore, prejudiced by plaintiff's delay in seeking to serve a late notice of claim (see Umeh v New York City Health & Hosps. Corp., 205 AD3d 599, 601 [1st Dept 2022]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 2, 2023