Matter of Mejia v New York City Tr. Auth. (2024 NY Slip Op 00867)

Matter of Mejia v New York City Tr. Auth.

2024 NY Slip Op 00867

Decided on February 20, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: February 20, 2024

Before: Kern, J.P., Singh, Scarpulla, O'Neill Levy, Michael, JJ. 

Index No. 150215/22 Appeal No. 1698 Case No. 2022-03143 

[*1]In the Matter of Noe M. Morales Mejia, Petitioner-Respondent,
v
New York City Transit Authority, et al., Respondents-Appellants, The City of New York, et al., Respondents-Respondents.

Anna J. Ervolina, MTA Law Department, Brooklyn (Timothy J. O'Shaughnessy of counsel), for appellants.
Michael H. Zhu, PC, Rego Park (Michael H. Zhu of counsel), for Noe M. Morales Mejia, respondent.

Order, Supreme Court, New York County (Denise M. Dominguez, J.), entered July 15, 2022, which granted petitioner's motion to serve a late notice of claim on defendants New York City Transit Authority and Metropolitan Transportation Authority, unanimously affirmed, without costs.
The court providently exercised its discretion in granting petitioner leave to file a late notice of claim (General Municipal Law § 50-e[5]). The application was made within 14 months of the date of the accident, and petitioner showed that a New York City police officer was present on the scene at the time petitioner was taken to the hospital, a fact not denied by respondents. Thus, respondents had the opportunity to investigate the essential facts in a timely manner, negating any claims of substantial prejudice from the delay in filing the notice of claim (see Matter of Townson v New York City Health & Hosps. Corp., 158 AD3d 401, 404-405 [1st Dept 2018]).
Given the extent of petitioner's injuries and their convergence with the COVID-19 pandemic, the court reasonably concluded that she was incapacitated for a significant time, including the two and a half months that she was hospitalized. The court also reasonably concluded that she was unable to obtain counsel and prepare the notice of claim within the requisite time following the accident (see Matter of Newcomb v Middle Country Cent. Sch. Dist., 28 NY3d 455, 460-461 [2016]). THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 20, 2024