| |
|---|
| **Toribio v City of New York** |
| 2024 NY Slip Op 33720(U) |
| October 21, 2024 |
| Supreme Court, New York County |
| Docket Number: Index No. 158015/2024 |
| Judge: Hasa A. Kingo |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:     HON. HASA A. KINGO         PART            05M

*Justice*

-----------------------------------------------------------------------------X

JOSE A TORIBIO,

                Plaintiff,

            - v -

THE CITY OF NEW YORK, THE CITY OF NEW YORK
FIRE DEPARTMENT

            Defendant.

-----------------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 158015/2024 |
| MOTION DATE | 08/30/2024, 08/30/2024 |
| MOTION SEQ. NO. | 001 001 |

## DECISION + ORDER ON MOTION

The following e-filed documents, listed by NYSCEF document number (Motion 001) 2
were read on this motion for            LEAVE TO FILE         .

The following e-filed documents, listed by NYSCEF document number (Motion 001) 2
were read on this motion for            MISCELLANEOUS        .

Petitioner, Jose A. Toribio ("Petitioner"), moves this court for an order granting him leave to serve a late notice of claim upon Respondents the City of New York and the New York City Fire Department ("Respondents") *nunc pro tunc*, deeming such service timely and complete. The petition is unopposed. Upon review of the papers submitted, the relevant case law, and applicable statutory provisions, the court grants the petition as detailed below.

## BACKGROUND

This claim arises from a motor vehicle accident that occurred on September 1, 2023, at the intersection of West 178th Street and Amsterdam Avenue in New York City. Petitioner was driving northbound and intended to turn right onto the entrance ramp for the Harlem River Drive. A fire truck owned by the Respondents and operated by Darren Robinson ("Robinson") was also traveling northbound. The vehicles collided when both attempted to enter the ramp, resulting in damage to Petitioner's vehicle.

158015/2024   TORIBIO, JOSE A vs. THE CITY OF NEW YORK ET AL        Page 1 of 4
Motion No.   001 001

1 of 4

Petitioner filed this motion seeking leave to serve a late notice of claim after the statutory 90-day period prescribed by General Municipal Law § 50-e had expired.

## DISCUSSION

Under General Municipal Law § 50-e(5), a court has discretion to permit late service of a notice of claim upon consideration of several factors, including: 1.) whether the petitioner has a reasonable excuse for failing to serve a timely notice; 2.) whether the municipality had actual knowledge of the essential facts within the statutory period or within a reasonable time thereafter; and 3.) whether the delay prejudiced the municipality's ability to defend itself against the claim (*see Matter of Newcomb v. Middle Country Cent. Sch. Dist.*, 28 NY3d 455, 460 [2016]). The court must balance these factors, and no single factor is determinative. Importantly, the presence or absence of a reasonable excuse is not dispositive if the other factors favor the petitioner.

### I.      Reasonable Excuse

Here, although Petitioner has not provided a specific excuse for the failure to serve the notice of claim within the statutory period, this factor is not dispositive under well-established precedent. Courts in New York have consistently held that the absence of a reasonable excuse alone is insufficient to deny a motion for leave to serve a late notice of claim where other factors weigh in favor of the petitioner (*see Weiss v. City of New York*, 237 AD2d 212 [1st Dept 1997]).

### II.      Actual Knowledge

Respondents, through their employee Robinson, were directly involved in the accident, as the fire truck he was operating collided with Petitioner's vehicle. As the operator of the vehicle, Robinson was aware of the material facts giving rise to the claim. Furthermore, the incident was

**158015/2024   TORIBIO, JOSE A vs. THE CITY OF NEW YORK ET AL**                **Page 2 of 4**
**Motion No.  001 001**

2 of 4

[* 2]

documented in a police report, attached as Exhibit 1 to the petition. This constitutes actual knowledge of the essential facts, as articulated in *Matter of Newcomb v. Middle Country Sch. Dist.*, 28 NY3d 455 (2016). Given Respondents' involvement, they were on notice of a potential claim within the statutory period.

### III.    Prejudice to the Municipality

The burden of proving substantial prejudice lies with Respondents (*see Matter of Newcomb*, *supra*). Here, there is no evidence to suggest that Respondents would suffer prejudice from the delay in serving the notice of claim. The accident involved a city-owned vehicle operated by a city employee, and incident reports were generated in the ordinary course of municipal business. Moreover, Respondents have not asserted, either in opposition papers or otherwise, that they would be prejudiced by the late service. Case law supports the conclusion that a delay in serving the notice of claim does not automatically result in prejudice where the municipality had actual knowledge of the facts (*see Renelique v. New York City Hous. Auth.*, 72 AD3d 595 [1st Dept 2010]).

Based on the foregoing, the court finds that Respondents had timely knowledge of the essential facts, and Petitioner has made a sufficient showing that the delay will not prejudice Respondents.

Accordingly, it is hereby

ORDERED and ADJUDGED that the petition for leave to serve a late notice of claim is granted; and it is further

ORDERED and ADJUDGED that Petitioner's notice of claim is deemed timely served, *nunc pro tunc*.

**158015/2024   TORIBIO, JOSE A vs. THE CITY OF NEW YORK ET AL**
**Motion No.  001 001**

**Page 3 of 4**

3 of 4

[* 3]

This constitutes the decision, order, and judgment of the court.

20241021123447HKING02AFA73DD74E340D987F31C827142342E2

_____
10/21/2024
**DATE**

_____
**HASA A. KINGO, J.S.C.**

CHECK ONE:

| | |
|---|---|
| X | CASE DISPOSED |
| X | GRANTED |
| | DENIED |

| | |
|---|---|
| | NON-FINAL DISPOSITION |
| | GRANTED IN PART |
| | OTHER |

APPLICATION: □ SETTLE ORDER   □ SUBMIT ORDER

CHECK IF APPROPRIATE: □ INCLUDES TRANSFER/REASSIGN   □ FIDUCIARY APPOINTMENT   □ REFERENCE

**158015/2024   TORIBIO, JOSE A vs. THE CITY OF NEW YORK ET AL**
**Motion No.  001 001**

**Page 4 of 4**