Rivera v New York City Dept. of Transp. (2025 NY Slip Op 00927)

Rivera v New York City Dept. of Transp.

2025 NY Slip Op 00927

Decided on February 18, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: February 18, 2025

Before: Kern, J.P., Moulton, Kapnick, Gesmer, Pitt-Burke, JJ. 

Index No. 157891/23 Appeal No. 3709 Case No. 2023-06503 

[*1]Elijio J. Rivera, Plaintiff-Respondent,
v
The New York City Department of Transportation et al., Defendants-Appellants.

Muriel Goode-Trufant, Corporation Counsel, New York (Jennifer Lerner of counsel), for appellants.
Lasalle Law PLLC, White Plains (Doralba Lassalle of counsel), for respondent.

Order, Supreme Court, New York County (Nicholas W. Moyne, J.), entered November 1, 2023, which, to the extent appealed from as limited by the briefs, granted plaintiff's motion for leave to serve a late notice of claim upon defendants the City of New York and The New York City Department of Transportation, to the extent of deeming the notice of claim timely filed nunc pro tunc, unanimously reversed, on the law, without costs, the motion denied, and the action dismissed. The Clerk is directed to enter judgment accordingly.
In this personal injury action, Supreme Court improvidently exercised its discretion in granting the motion and deeming the notice of claim timely filed. Plaintiff fails to establish any of the relevant statutory factors that would warrant leave to serve a late notice of claim. He was unable to show a reasonable excuse for his delay (General Municipal Law § 50-e[5]; Matter of Jaime v City of New York, 41 NY3d 531, 539-541 [2024]). Medical records detailing plaintiff's surgery and follow-up visits do not show that plaintiff "was incapacitated to such an extent that he could not have complied with the statutory requirement to serve a timely notice of claim" (Umeh v New York City Health & Hosps. Corp., 205 AD3d 599, 600 [1stDept 2022]). Moreover, because the medical records end January 4, 2023, plaintiff fails to establish any physical incapacity or impairment covering the final seven months of the limitations period, through August 8, 2023 (see Matter of Salazar v City of New York, 212 AD3d 633, 634 [2d Dept 2023]).
Plaintiff fails to establish through nonspeculative evidence that defendants acquired actual knowledge of the essential facts constituting the claim within 90 days of the accrual of the claim, or within a reasonable time thereafter (General Municipal Law §50-e[5]). Plaintiff admitted to Supreme Court during oral argument that there was no evidence that defendants had actual knowledge of the facts of plaintiff's claim within the 90-day period. Nor does plaintiff's allegation that the Department of Transportation possesses records of its construction sites and therefore must have acquired the requisite knowledge of the essential facts show actual knowledge because "the alleged existence of records does not suffice to establish actual knowledge" (Matter of Jaime, 41 NY3d at 543). Moreover, plaintiff's "failure to submit evidence of the contents of the alleged records is fatal to his argument that [defendants] acquired actual knowledge from the existence of such records" (id.). Plaintiff's argument that the City of New York gained knowledge of the underlying facts through emergency room records of a New York City Health and Hospitals Corporation facility is raised for the first time on appeal and is therefore unpreserved (see Matter of Gray v City of New York, 211 AD3d 577, 578 [1st Dept 2022]).
Plaintiff also fails to establish through evidence or a "plausible argument" that defendants would not be substantially prejudiced [*2]by the late notice (Matter of Newcomb v Middle Country Cent. Sch. Dist., 28 NY3d 455, 466 [2016]). Plaintiff merely asserts that defendants will not be prejudiced, without offering any evidence.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 18, 2025