Matter of Herry v New York City Hous. Auth. (2025 NY Slip Op 01928)

Matter of Herry v New York City Hous. Auth.

2025 NY Slip Op 01928

Decided on April 2, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 2, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
WILLIAM G. FORD
LAURENCE L. LOVE
PHILLIP HOM, JJ.

2023-02670
 (Index No. 720599/20)

[*1]In the Matter of Brent Herry, appellant, 
v
New York City Housing Authority, respondent-respondent, et al., respondent.

Law Offices of Michael S. Lamonsoff, PLLC (Pollack, Pollack, Isaac & DeCicco, LLP, New York, NY [Brian J. Isaac, Paul Seidenstock, and Jack Lockwood], of counsel), for appellant.
Giordano, Glaws & Fenstermacher, LLP, New York, NY (Charles T. Glaws of counsel), for respondent-respondent.

DECISION & ORDER
In a proceeding pursuant to General Municipal Law § 50-e(5) for leave to serve a late notice of claim, the petitioner appeals from an order of the Supreme Court, Queens County (Tracy Catapano-Fox, J.), entered August 16, 2022. The order, insofar as appealed from, denied that branch of the petition which was for leave to serve a late notice of claim upon the respondent New York City Housing Authority.
ORDERED that the order is reversed insofar as appealed from, on the law and in the exercise of discretion, with costs, and that branch of the petition which was for leave to serve a late notice of claim upon the respondent New York City Housing Authority is granted.
The petitioner commenced this proceeding pursuant to General Municipal Law § 50-e(5) for leave to serve a late notice of claim upon the New York City Housing Authority (hereinafter NYCHA) and the Comptroller of the City of New York (hereinafter the Comptroller). According to the petitioner, the claim arose on October 16, 2019, at approximately 11:30 a.m., at a construction site located at 14-56 Beach Channel Drive in Queens. Specifically, the petitioner, a plumber, allegedly was injured when he tripped over a metal rebar protruding out of the ground at the construction site.
The petitioner served a notice of claim for the incident upon the Comptroller on January 27, 2020, which was 13 days beyond the 90-day notice period for the claim (see id. § 50-e[1][a]). There is no evidence in the record that the notice of claim was served directly upon NYCHA.
The petitioner also filed a petition for leave to serve a late notice of claim on January 27, 2020 (hereinafter the first petition), and served this petition on NYCHA by overnight mail on January 31, 2020. NYCHA admits that it was served with the first petition, although no action was taken on this petition. The petitioner filed two additional petitions for leave to serve a late notice of claim, the first of which was never placed on the motion calendar, and the second of which was [*2]denied without prejudice. NYCHA held a General Municipal Law § 50-h hearing with the petitioner on April 20, 2020.
On November 2, 2020, the petitioner filed the instant petition for leave to serve a late notice of claim upon NYCHA and the Comptroller. In an order entered August 16, 2022, the Supreme Court, inter alia, denied that branch of the petition which was for leave to serve a late notice of claim upon NYCHA. The petitioner appeals.
"Pursuant to General Municipal Law § 50-e(1)(a), a party seeking to sue a public corporation . . . must serve a notice of claim on the prospective defendant 'within ninety days after the claim arises'" (Matter of Newcomb v Middle Country Cent. Sch. Dist., 28 NY3d 455, 460). "General Municipal Law § 50-e(5) permits a court, in its discretion, to extend the time for a petitioner to serve a notice of claim" (id. at 460-461). "In determining whether to grant leave to serve a late notice of claim, the court must consider all relevant circumstances, including whether (1) the claimant demonstrated a reasonable excuse for the failure to timely serve the notice, (2) the municipal entity acquired actual knowledge of the essential facts constituting the claim within 90 days after the claim arose or a reasonable time thereafter, and (3) the delay in seeking leave would substantially prejudice the municipal entity in its ability to defend against the action" (Matter of Lang v County of Nassau, 210 AD3d 773, 774).
"[A] court's decision to grant or deny a motion to serve a late notice of claim is 'purely a discretionary one'" (Matter of Newcomb v Middle Country Cent. Sch. Dist., 28 NY3d at 465, quoting Cohen v Pearl Riv. Union Free School Dist., 51 NY2d 256, 265). "Although the 'lower courts have broad discretion to evaluate the factors,' a 'lower court's determinations must be supported by record evidence'" (Matter of Lang v County of Nassau, 210 AD3d at 774, quoting Matter of Newcomb v Middle Country Cent. Sch. Dist., 28 NY3d at 465).
Here, while the petitioner concedes that his claim of clerical error does not qualify as a reasonable excuse for his delay in serving a notice of claim, "the absence of a reasonable excuse is not, standing alone, fatal to the petitioner's application" (Matter of Ramos v New York City Hous. Auth., 162 AD3d 884, 885).
While the lack of a reasonable excuse is not dispositive on an application for leave to serve a late notice of claim, "whether the municipality acquired timely actual knowledge of the essential facts constituting the claim is of great importance" (Matter of Jaffier v City of New York, 148 AD3d 1021, 1022). Here, while there is no proof that the petitioner served the notice of claim upon NYCHA on January 27, 2020, NYCHA admits to receiving the first petition on or about January 31, 2020, less than three weeks after the expiration of the 90-day notice period. NYCHA additionally admits that it was able to schedule and conduct a General Municipal Law § 50-h hearing with the petitioner on April 20, 2020.
Furthermore, NYCHA's contention that the notice of claim as annexed to the first petition was not sufficient to provide it actual knowledge of the facts of the claim is without merit. "General Municipal Law § 50-e(2) requires that the notice of claim set forth, among other things, 'the nature of the claim' and 'the time when, the place where and the matter in which the claim arose'" (Delisser v New York City Tr. Auth., 211 AD3d 907, 908). "The test of the sufficiency of a notice of claim is whether it includes information sufficient to enable the public entity to 'locate the place, fix the time, and understand the nature of the accident'" (id. [internal quotation marks omitted], quoting Puello v New York City Hous. Auth., 150 AD3d 1164, 1164). Here, the notice of claim specified the place, time, and nature of the accident, providing NYCHA with actual knowledge of the facts of the claim. Accordingly, NYCHA received actual knowledge of the facts of the claim within a reasonable time after the claim arose (see Matter of Ramos v New York City Hous. Auth., 162 AD3d 884; Matter of Regan v City of New York, 131 AD3d 1064).
On the question of prejudice, the burden initially rests on the petitioner to show that late notice will not substantially prejudice the respondent (see Matter of Newcomb v Middle Country Cent. Sch. Dist., 28 NY3d at 465). "Such a showing need not be extensive, but the petitioner must [*3]present some evidence or plausible argument that supports a finding of no substantial prejudice" (id. at 466). "Lack of actual knowledge and lengthy delays are important factors in determining whether the [respondent] is substantially prejudiced" (Feduniak v New York City Health & Hosps. Corp. [Queens Hosp. Ctr.], 170 AD3d 663, 666). Here, NYCHA suffered no substantial prejudice and did not allege substantial prejudice due to the untimeliness of the notice of claim in its opposition papers. Further, although NYCHA argues for the first time on appeal that it was substantially prejudiced because the condition of the construction site was transitory, there is no evidence that NYCHA would not have been "in the same position regarding any investigation even if the notice of claim had been timely served" (Matter of Mercado v City of New York, 100 AD3d 445, 446).
Accordingly, the Supreme Court should have granted that branch of the petition which was for leave to serve a late notice of claim upon NYCHA.
BARROS, J.P., FORD, LOVE and HOM, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court