## Matter of Nevarez v New York City Dept. of Transp.

2025 NY Slip Op 32105(U)

June 12, 2025

Supreme Court, New York County

Docket Number: Index No. 162233/2024

Judge: Carol Sharpe

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:    **HON. CAROL SHARPE**        PART       **52M**

*Justice*

-------------------------------------------------------------------------X

IN THE MATTER OF THE CLAIM OF JOSE MARCOS
FLOREZ NEVAREZ,

                Plaintiff,

         - v -

THE NEW YORK CITY DEPARTMENT OF
TRANSPORTATION, THE CITY OF NEW YORK

               Defendant.

-------------------------------------------------------------------------X

| | |
|---|---|
| **INDEX NO.** | 162233/2024 |
| **MOTION DATE** | 12/27/2024 |
| **MOTION SEQ. NO.** | 001 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 001) 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21

were read on this motion to/for                     LEAVE TO FILE             .

Upon the foregoing documents, and oral arguments held before this Court on February 3, 2025, the motion is granted.

Plaintiff moved by Order to Show Cause ("OSC") filed on December 27, 2024 (NYSCEF Doc. #2), seeking leave to file a late notice of claim or, in the alternative, deem the notice of claim dated December 26, 2023, timely filed *nunc pro tunc*. Written opposition was filed.

Plaintiff alleges that on December 20, 2023, at approximately 8pm, he fell while walking on a sidewalk in the vicinity of 150 West 42nd Street (1466 Broadway), in New York County, and was removed by ambulance to Bellevue Hospital ("Bellevue") where he was treated and released on December 21, 2023. Plaintiff alleges that he served a notice of claim on The City of New York and on the New York City Department of Transportation (collectively "The City"), but did not receive a disallowance letter from The City or notice of a 50-H hearing. He now seeks to have that notice of claim be deemed served on December 26, 2023, or for leave to file a late notice of claim.

In support of the petition, plaintiff submitted his own notarized petition dated September 16, 2024; a notice of claim dated December 26, 2023, signed by plaintiff and notarized by his attorney

162233/2024   FLOREZ NEVAREZ, IN THE MATTER OF THE CLAIM OF JOSE MARCOS vs. THE
NEW YORK CITY DEPARTMENT OF TRANSPORTATION ET AL          Page 1 of 5
Motion No. 001

1 of 5

on December 26, 2024; certified mail receipts to the Comptroller and to the Department of Transportation with one page date stamped 2/20/2024; photographs of the area of the incident, one of which is a Google photo; an ambulance call report; and discharge papers from Bellevue. In the reply to The City's opposition, plaintiff submitted two UPS tracking numbers and New York City Department of Finance Office of the City Register lookup results.

Counsel for plaintiff states in her affirmation that, "On December 26, 2023, Plaintiff served a Notice a Claim on THE NEW YORK CITY DEPARTMENT OF TRANSPORTATION and THE CITY OF NEW YORK. A true and complete copy of the Notice of Claim is annexed hereto as Exhibit A." (NYSCEF Doc. #3, Pg. 2). Exhibit A includes what purports to be certified mail receipts with a document that has a metered stamp dated 02/20/2024 in the upper right corner. Counsel later states in the same affirmation that, "Third, Plaintiff timely served Notice of Claim as evidenced by Exhibit A Notice of Claim with proof of service by certified mail/return receipt dated December 26, 2023, and served on February 20, 2024." (NYSCEF Doc. #3, Pg. 3). The instant OSC is seeking "leave to file late Notice of Claim or deem Notice of Claim dated December 26, 2023, filed timely nunc pro tunc." (NYSCEF Doc. #3, Pg. 2). Additionally, plaintiff submitted a certified mail return receipt as evidence that the notice of claim was mailed to The City on February 20, 2024, within ninety days. Plaintiff stated in his reply that the USPS website has not given a date of the delivery of the notice of claim. Plaintiff argues that there is no delay as the motion it being made within one year and ninety days, and that The City had notice of the incident and is not prejudiced because 911 was called and plaintiff was treated at Bellevue, a public hospital.

In opposition, The City submitted an affirmation by Adam Karp, Esq., in which he stated that a search of the data bank maintained by the Comptroller upon whom all notices of claims must be filed, revealed that the only notice of claim on record with the Comptroller was sent by certified mail on January 9, 2025, and was received on January 16, 2025. The City also submitted an affidavit from

**162233/2024  FLOREZ NEVAREZ, IN THE MATTER OF THE CLAIM OF JOSE MARCOS vs. THE
NEW YORK CITY DEPARTMENT OF TRANSPORTATION ET AL**                    Page 2 of 5
**Motion No.  001**

2 of 5

[* 2]

a Senior Title Examiner with The City showing a Condo Declaration for 466 Broadway dated November 10, 2011. The City argues that it did not have notice as the notice of claim was received on January 16, 2025, that the treatment at Bellevue is not sufficient notice as required by General Municipal Law ("GML") 50(e), and that it is prejudiced in its defense of the action.

GML § 50-e (1)(a) provides in pertinent parts that a notice of claim shall be served "within ninety days after the claim arises." GML § 50-e (51) provides that "the court, in its discretion, may extend the time to serve a notice of claim specified in paragraph (a) of subdivision one of this section..." Among the factors for the court to consider are whether The City "acquired actual knowledge of the essential facts constituting the claim;" infancy or disability causing the delay of service; a reasonable excuse for the delay; "and whether the delay in serving the notice of claim substantially prejudiced the public corporation in maintaining its defense on the merits." GML § 50-e (5); *see also*, *Matter of Newcomb v. Middle Country Cent. Sch. Dist.*, 28 N.Y.3d 455, 45 N.Y.S.3d 895, 68 N.E.3d 714 (2016).

While the decision to grant or deny a motion to serve a late notice of claim is discretionary, the decision must be supported by the evidence. *Id*, at 465. The question of "acquired actual knowledge of the essential facts constituting the claim;" is to be considered "in particular" by the court as great weight is placed on those facts. *Matter of Jaime v. City of New York*, 41 N.Y.3d 531, 540,237 N.E.3d 796, 213 N.Y.S.3d 730 (2024). In addition to actual knowledge, the courts must consider "all other relevant facts and circumstances" (General Municipal Law § 50-e [5]), and "the presence or absence of any one factor is not determinative" (*Matter of Morris v County of Suffolk*, 88 AD2d 956, 957, 451 N.Y.S.2d 448 [2d Dept 1982], *affd* 58 NY2d 767 [1982])." *Id*, at 541.

The fact that plaintiff was treated at a city hospital, without more, is insufficient to prove actual knowledge of the facts constituting the claim. *Williams v. Nassau Cnty. Med. Ctr.*, 6 N.Y.3d 531, 814 N.Y.S.2d 580, 847 N.E.2d 1154 (2006). "A medical provider's mere possession or creation

of medical records does not ipso facto establish that it had "actual knowledge of a potential injury where the records do not *evince* that the medical staff, by its acts or omissions, inflicted any injury on plaintiff during the birth process. [internal citation omitted]." *Wally G. v. N.Y.C. Health & Hosps. Corp. (Metro. Hosp.)*, 27 N.Y.3d 672, 677, 37 N.Y.S.3d 30, 57 N.E.3d 1067 (2016). Here, that plaintiff fell on the street and was taken by ambulance to Bellevue is insufficient to constitute actual knowledge of the facts constituting the claim as the hospital did not cause the injury. *Matter of Newcomb*, 28 N.Y.3d at 465.

The question of substantial prejudice, or the lack thereof, is decided under the burden-shifting framework. *Matter of Jaime v. City of N.Y.*, 41 N.Y.3d 531, 541, 213 N.Y.S.3d 730, 237 N.E.3d 796 (2024). "[T]he burden initially rests on the plaintiff to show that the late notice will not substantially prejudice the public corporation. Such a showing need not be extensive, but the plaintiff must present some evidence or plausible argument that supports a finding of no substantial prejudice." *Matter of Newcomb*, 28 N.Y.3d at 466. "Once this initial showing has been made, the public corporation must respond with a particularized evidentiary showing that the corporation will be substantially prejudiced if the late notice is allowed…[t]he public corporation, however, is in the best position to know and demonstrate whether it has been substantially prejudiced by the late notice." *Id*, at 467. "Providing proof of substantial prejudice on the record is qualitatively and quantitatively different from a mere inference of prejudice. Generic arguments and inferences will not establish 'substantial prejudice' in the absence of facts in the record to support such a finding." *Id*, at 466; *Matter of Benavides v. N.Y.C. Health & Hosps. Corp.*, 220 A.D.3d 458, 459, 197 N.Y.S.3d 493 (1st Dept. 2023)("In addition, respondent New York City Health and Hospitals Corporation (HHC) failed to make an adequate showing that it would be substantially prejudiced if plaintiff is granted leave to file his claim."). Here, plaintiff has satisfied the "plausible argument" of no substantial prejudice, albeit a weak argument. The City has not offered any facts to support a finding of substantial prejudice. "While this Court has

162233/2024 FLOREZ NEVAREZ, IN THE MATTER OF THE CLAIM OF JOSE MARCOS vs. THE NEW YORK CITY DEPARTMENT OF TRANSPORTATION ET AL
Motion No. 001

Page 4 of 5

4 of 5

previously instructed that lack of actual knowledge and lengthy delays are "important factor[s] in determining whether the defendant is substantially prejudiced" (*Williams*, 6 NY3d at 539), mere inferences cannot support a finding of substantial prejudice where, as here, there is no record evidence to support them." *Matter of Newcomb*, 28 N.Y.3d at 466. While the issues of lack of actual knowledge and lengthy delays are factors to be considered in determining substantial prejudice, The City has not established that it would be substantially prejudiced.

GML § 50-e(3)(b) provides that "[s]ervice by registered or certified mail shall be complete upon deposit of the notice of claim, enclosed in a postpaid properly addressed wrapper, in a post office or official depository under the exclusive care and custody of the United States post office department within the state." Hence, in accepting plaintiff's evidence of mailing as the truth and without evidence to the contrary, service by certified mail is deemed complete upon deposit.

Accordingly, plaintiff's motion to file a late notice of claim is granted and the notice of claim dated December 26, 2024, is deemed filed *nunc pro tunc* on February 20, 2024; and it is hereby

ORDERED, that plaintiff shall commence an action and purchase a new index number in the event a lawsuit arising from this Notice of Claim is filed.

This constitutes the Decision and Order of the Court.

ENTER:

June 12, 2025
_____
DATE

HON. CAROL SHARPE, J.S.C.

**HON. CAROL SHARPE
J.S.C.**

| CHECK ONE: | X | CASE DISPOSED | | | | NON-FINAL DISPOSITION | | |
|---|---|---|---|---|---|---|---|---|
| | X | GRANTED | | DENIED | | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | | FIDUCIARY APPOINTMENT | | REFERENCE |

**162233/2024  FLOREZ NEVAREZ, IN THE MATTER OF THE CLAIM OF JOSE MARCOS vs. THE NEW YORK CITY DEPARTMENT OF TRANSPORTATION ET AL**
**Motion No.  001**

**Page 5 of 5**

5 of 5

[* 5]