Matter of Saini v City of New York (2025 NY Slip Op 07009)

Matter of Saini v City of New York

2025 NY Slip Op 07009

Decided on December 17, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 17, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
HELEN VOUTSINAS
JANICE A. TAYLOR
LAURENCE L. LOVE, JJ.

2023-07627
 (Index No. 708004/23)

[*1]In the Matter of Gulshan Saini, appellant,
v
City of New York, respondent.

Decolator, Cohen & DiPrisco LLP, Garden City, NY (Carolyn M. Canzoneri of counsel), for appellant.
Muriel Goode-Trufant, Corporation Counsel, New York, NY (Melanie T. West and Jamison Davies of counsel), for respondent.

DECISION & ORDER
In a proceeding pursuant to General Municipal Law § 50-e(5) for leave to serve a late notice of claim, the petitioner appeals from an order of the Supreme Court, Queens County (Tracy Catapano-Fox, J.), entered June 21, 2023. The order denied the petition and dismissed the proceeding.
ORDERED that the order is reversed, on the law and in the exercise of discretion, with costs, and the petition is granted.
In November 2022, while responding to a noise complaint made to the 311 phone number, the petitioner, a police officer with the New York City Police Department, allegedly sustained personal injuries when his police vehicle, which was being operated by his partner, drove across a double-yellow line against traffic and collided with another vehicle. In April 2023, the petitioner commenced this proceeding pursuant to General Municipal Law § 50-e(5) for leave to serve a late notice of claim upon the City of New York. In an order entered June 21, 2023, the Supreme Court denied the petition and dismissed the proceeding. The petitioner appeals.
"In determining whether to grant leave to serve a late notice of claim under General Municipal Law § 50-e(5), the court, in its discretion, must consider all relevant facts and circumstances, including, but not limited to, whether (1) the claimant demonstrated a reasonable excuse for the failure to serve a timely notice of claim, (2) the municipality acquired actual knowledge of the essential facts constituting the claim within 90 days after the claim arose or a reasonable time thereafter, and (3) the delay would substantially prejudice the municipality in its defense" (Matter of Dautaj v City of New York, 208 AD3d 479, 479; see Matter of Newcomb v Middle Country Cent. Sch. Dist., 28 NY3d 455, 460-461). "The presence or absence of any factor is not determinative" (Matter of Dautaj v City of New York, 208 AD3d at 479-480; see Matter of Newcomb v Middle Country Cent. Sch. Dist., 28 NY3d at 467). "However, whether the public corporation acquired timely, actual knowledge of the essential facts underlying the claim within 90 days after the claim arose or a reasonable time thereafter is a factor which should be accorded great weight in determining whether to grant leave to serve a late notice of claim" (Matter of Dautaj v City of New York, 208 AD3d at 480).
Here, the Supreme Court improvidently exercised its discretion in denying the petition pursuant to General Municipal Law § 50-e(5) for leave to serve a late notice of claim. The City acquired actual knowledge of the essential facts constituting the petitioner's claim based on a police accident report, a police vehicle collision report, and a line-of-duty report indicating the cause of the accident and containing essential facts from which it could be readily inferred that a potentially actionable wrong had been committed (see Matter of Peers v City of New York, 232 AD3d 900, 901; Matter of Steward v City of New York, 226 AD3d 912, 914; Matter of Dautaj v City of New York, 208 AD3d at 480). Consequently, the petitioner also met his initial burden of showing that the City would not be prejudiced by the petitioner's delay, which was, in any event, not significant (see Matter of Peers v City of New York, 232 AD3d at 901; Matter of Dautaj v City of New York, 208 AD3d at 480). In opposition, the City failed to rebut the petitioner's showing with respect to prejudice (see Matter of Peers v City of New York, 232 AD3d at 901-902; Matter of Romero v Suffolk County, 208 AD3d 663, 664).
Accordingly, the Supreme Court should have granted the petition notwithstanding the lack of a reasonable excuse for the failure to timely serve a notice of claim (see Matter of Romero v County of Suffolk, 208 AD3d at 664; Matter of Dautaj v City of New York, 208 AD3d at 480).
IANNACCI, J.P., VOUTSINAS, TAYLOR and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court