Matter of Polito v North Babylon Sch. Dist. (2026 NY Slip Op 01067)

Matter of Polito v North Babylon Sch. Dist.

2026 NY Slip Op 01067

Decided on February 25, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 25, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
VALERIE BRATHWAITE NELSON
BARRY E. WARHIT
JANICE A. TAYLOR, JJ.

2023-11425
 (Index No. 622420/23)

[*1]In the Matter of Clare Polito, etc., appellant,
vNorth Babylon School District, respondent.

Dell & Dean, PLLC (Joseph G. Dell and Horn Appellate Group, Brooklyn, NY [Scott T. Horn and Ross S. Friscia], of counsel), for appellant.
Barbiero Bisch O'Connor & Commander LLP, Melville, NY (Joseph M. O'Connor and Kathleen S. Commander of counsel), for respondent.

DECISION & ORDER
In a proceeding pursuant to General Municipal Law § 50-e(5) for leave to serve a late notice of claim or to deem a late notice of claim timely served nunc pro tunc, the petitioner appeals from an order of the Supreme Court, Suffolk County (Joseph A. Santorelli, J.), dated October 24, 2023. The order denied the petition and, in effect, dismissed the proceeding.
ORDERED that the order is reversed, on the facts and in the exercise of discretion, with costs, that branch of the petition which was for leave to serve a late notice of claim is granted and that branch of the petition which was to deem a late notice of claim timely served nunc pro tunc is denied as academic.
In September 2023, the petitioner commenced this proceeding against the North Babylon School District (hereinafter the School District) pursuant to General Municipal Law § 50-e(5) for leave to serve a late notice of claim or to deem a late notice of claim timely served nunc pro tunc. The petitioner alleged that the infant O. P. was assaulted, harassed, and bullied on a number of specified occasions from September 2022 to June 2023 by other students and that the School District was negligent, inter alia, in its supervision of the children. In an order dated October 24, 2023, the Supreme Court denied the petition and, in effect, dismissed the proceeding. The petitioner appeals.
"Pursuant to General Municipal Law § 50-e(1)(a), a party seeking to sue a public corporation, which includes a school district, must serve a notice of claim on the prospective defendant 'within ninety days after the claim arises'" (Matter of Newcomb v Middle Country Cent. Sch. Dist., 28 NY3d 455, 460, quoting General Municipal Law § 50-e[1][a]; see General Construction Law § 66[1], [2]). That time may be extended, in the court's discretion, pursuant to General Municipal Law § 50-e(5). In determining whether to grant leave to serve a late notice of claim, the statute directs the court to consider, "in particular, whether the public corporation . . . acquired actual knowledge of the essential facts constituting the claim within the [90 days]" (id.). The statute also directs the court to consider "all other relevant facts and circumstances," including whether the delay in serving the notice of claim substantially prejudiced the public corporation (id.). "Courts also commonly consider whether the petitioner had a reasonable excuse for failing to serve [*2]a timely notice of claim" (Matter of Jaime v City of New York, 41 NY3d 531, 541; see Matter of Newcomb v Middle Country Cent. Sch. Dist., 28 NY3d at 463). While the presence or absence of any one factor is not determinative, whether the municipality had actual knowledge of the essential facts constituting the claim is of great importance (see Matter of Jaime v City of New York, 41 NY3d at 540-541; Matter of Ionescu v City of New York, 230 AD3d 1143, 1144).
Here, the petitioner established that the School District had actual knowledge of the essential facts constituting the claim within 90 days of each incident included in the notice of claim. The petitioner submitted, among other things, incident reports and documentation of investigations conducted by the School District within days of the incidents (see Education Law § 13[1]; Matter of Anghel v Town of Hempstead, 223 AD3d 901, 903), police reports that documented communications and an investigation by school officials (see Matter of McVea v County of Orange, 186 AD3d 1221, 1222; M.L. v City of New York, 173 AD3d 848, 850), an electronic communication between the petitioner and a school official (see Matter of D.D. v Village of Great Neck, 161 AD3d 861, 861-862; Kellman v Hauppauge Union Free Sch. Dist., 120 AD3d 634, 636), and an "[a]ction [p]lan" created pursuant to a meeting between the petitioner and school officials where the alleged wrongful conduct and the plans to monitor the students and address the conduct were discussed (see Matter of Rodriguez v Woodhull Sch., 105 AD3d 1050, 1051; Matter of Allende v City of New York, 69 AD3d 931, 933).
As the petitioner demonstrated that the School District acquired timely knowledge of the essential facts constituting the claim, the petitioner met her initial burden of showing that the School District would not be prejudiced by the late notice of claim (see Matter of Steward v City of New York, 226 AD3d 912, 914; Matter of Anghel v Town of Hempstead, 223 AD3d at 903). In opposition to the petitioner's initial showing, the School District failed to come forward with particularized evidence showing that the late notice had substantially prejudiced its ability to defend the claim on the merits (see Matter of Newcomb v Middle Country Cent. Sch. Dist., 28 NY3d at 465-468; Matter of Anghel v Town of Hempstead, 223 AD3d at 903).
Although the petitioner failed to demonstrate a reasonable excuse for her failure to timely serve the notice of claim, "where, as here, there is actual knowledge and an absence of prejudice, the lack of a reasonable excuse will not bar the granting of leave to serve a late notice of claim" (Matter of Anghel v Town of Hempstead, 223 AD3d at 903 [internal quotation marks omitted]; see Matter of Benedetto v New York City Sch. Constr. Auth., 230 AD3d 1138, 1140).
In light of our determination, we need not reach the petitioner's remaining contention.
Accordingly, the Supreme Court improvidently exercised its discretion in denying that branch of the petition which was for leave to serve a late notice of claim.
DUFFY, J.P., BRATHWAITE NELSON, WARHIT and TAYLOR, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court