Matter of Cook v New York City Hous. Auth. (2026 NY Slip Op 01155)

Matter of Cook v New York City Hous. Auth.

2026 NY Slip Op 01155

Decided on March 03, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: March 03, 2026

Before: Webber, J.P., Shulman, Higgitt, Rosado, Hagler, JJ. 

Index No. 800882/24|Appeal No. 5987|Case No. 2024-02030|

[*1]In The Matter of Judy Cook, Petitioner-Appellant,
vNew York City Housing Authority, Respondent-Respondent.

Bergman Bergman Fields & Lamonsoff, LLP, Hicksville (Clifford D. Gabel of counsel), for appellant.
Wilson Elser Moskowitz Edelman & Dicker LLP, New York (Patrick J. Lawless of counsel), for respondent.

Order, Supreme Court, Bronx County (Naita A. Semaj, J.), entered February 22, 2024, which denied petitioner's motion for leave to serve a late notice of claim, unanimously affirmed, without costs.
Supreme Court providently exercised its discretion in denying petitioner's motion for leave to serve a late notice of claim (see General Municipal Law § 50-e [1], [5]; Matter of Newcomb v Middle Country Cent. Sch. Dist., 28 NY3d 455, 460-461 [2016]). Petitioner did not meet her burden to show a reasonable excuse for her delay in filing a notice of claim against respondent New York City Housing Authority (NYCHA). Petitioner's argument that she was focused on her physical recovery is not a reasonable excuse given her testimony that she was living alone without assistance and scheduling doctors' appointments by telephone (see Rivera v New York City Dept. of Transp., 235 AD3d 510, 511 [1st Dept 2025]). Moreover, because the medical records end August 18, 2023, petitioner fails to establish any physical incapacity or impairment covering the two months preceding the October 16, 2023 deadline to file a notice of claim or the four months between the date of the last medical record and her service of the late notice of claim on NYCHA in late December 2023 (id.).
Petitioner also failed to meet her burden to show that NYCHA acquired actual knowledge of the essential facts constituting her claim within 90 days of the accident or a reasonable time thereafter (see Cassidy v New York City Tr. Auth., 238 AD3d 484, 485 [1st Dept 2025]). That petitioner served an untimely notice of claim on NYCHA after the 90-day statutory time period expired did not establish that NYCHA had actual knowledge of the claims because "[t]his late service, without leave of court, was a nullity" (id.).
In view of the foregoing, the issue of whether NYCHA has been substantially prejudiced by the delay need not be reached (see Matter of Braddy v New York City Hous. Auth., 241 AD3d 1117, 1118 [1st Dept 2025]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 3, 2026